## DRAKE v. WHALEY.

1. LIEN—IMPLIED CONTRACT—MONEY HAD AND RECEIVED.—A tenant shipped to his factors cotton subject to a lien for rent, with instructions to sell the same and apply the proceeds to the payment of the landlord of such rent. The factors received the cotton under these instructions and with knowledge of the lien existing thereon, and sold the same, but refused to turn over the proceeds to the landlord in payment of the rent. *Held*, that the landlord had a right of action against the factors to recover the proceeds of this cotton under their implied contract to pay to him this money had and received by them to his use.

Before IZLAR, J., Charleston, November, 1890.

This was an action by Samuel J. Drake and F. H. Story, trustees, against W. B. Whaley and J. M. Rivers, partners as Whaley & Rivers, commenced January 28, 1890. The opinion states the case.

*Messrs. Mitchell & Smith* and *W. H. Parker, Jr.,* for appellant.

*Mr. B. J. Whaley,* contra.

January 30, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. The above entitled action was commenced in the Court of Common Pleas for Charleston County on the 28th day of January, 1890. The complaint alleged that the defendants were, and are, a partnership, doing business in the city of Charleston, S. C., as cotton factors; that the plaintiffs are trustees of an express trust, and as such, on the 1st day of January, 1888, being seized and possessed of a tract of land on Edisto Island, in said State, known as "Old Dominion," rented the same for that year to one E. Mitchell Whaley for the purposes of cultivation as tenant of the said plaintiffs for the sum of one hundred and ninety-seven dollars, payable on or before the thirty-first day of December, 1888; that during the month of

October, 1888, and subsequently thereto, the said E. Mitchell Whaley shipped and delivered to the defendants certain of the crop raised by him on the aforesaid rented land, to wit, eight bales of sea island cotton, to be sold by the defendants as factors in the city of Charleston ; that the plaintiffs, on information and belief, allege that the said eight bales of sea island cotton were received by the defendants with full knowledge that the same had been raised and gathered on the said rented premises, and that the same were subject to plaintiffs' lien for rent thereupon in the amount named as rent, and that the proceeds thereof, or as much thereof as was necessary to fully pay said rent, were so liable ; and that the defendants were instructed by the said E. Mitchell Whaley to apply the proceeds arising from the sales of said eight bales of cotton to the payment of said rent to the plaintiffs, and that the defendants obtained possession of said cotton with that understanding and instruction ; that the defendant sold said eight bales of cotton for about the sum of five hundred dollars ; that the rent due the plaintiffs, by reason of a partial payment, has been reduced to one hundred and thirty-five dollars ; that notwithstanding the said E. Mitchell Whaley has ordered and directed the payment of the balance due as rent to the plaintiffs by the defendants, and although the plaintiffs have demanded of the defendants the payment of their claim, as aforesaid, yet the defendants wholly refuse to do so. The plaintiffs demand judgment against the defendants for $135 and costs.

The defendants answered the plaintiffs' complaint, and when the action came on for trial at the November term of court in 1890 before a jury, and as soon as the complaint was read the defendants interposed an oral demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that no privity of contract was alleged between the plaintiffs and defendants in said action. The Circuit Judge sustained the demurrer and dismissed the complaint. The plaintiffs have appealed from the judgment thereupon entered, upon the following grounds :

I. That his honor erred in granting the motion to dismiss the complaint in this case because it does not state facts sufficient to

constitute a cause of action, when the said complaint does state facts sufficient.

II. That his honor erred in holding that the complaint herein does not state facts sufficient to constitute a cause of action, because the said complaint does state facts sufficient to constitute a cause of action.

III. That his honor erred in holding, in effect, that the complaint herein does not state facts sufficient to constitute a cause of action, on the ground that no privity of contract is alleged between the plaintiffs and defendants, when the complaint alleged, in addition to the proper formal averments, as follows : That certain of a crop raised by a tenant on the lands of the plaintiffs, and subject to plaintiffs' statutory lien thereon for rent, was shipped to defendants as agents and factors of the tenant to be sold by them and to be converted into money ; that said cotton was received by defendants with full knowledge of plaintiffs' lien thereon for rent, and that said rent was unpaid, and with instructions from said tenant to apply the proceeds of sale to payment of plaintiffs' rent and discharge of his lien thereon, and that same was demanded of defendants by plaintiffs and refused.

IV. That his honor erred in holding, in effect, that in an action in assumpsit, when it is alleged that money, or cotton to be converted into money, was delivered to defendants as factors and agents of the shipper for the use of plaintiffs, to be applied by defendants to discharge of shipper's lien debt as tenant to plaintiffs, said agents having full knowledge of the debt and of plaintiffs' lien thereon for rent ; that the complaint does not state facts sufficient to constitute a cause of action, on the ground that "no privity of contract is alleged between the plaintiffs and defendants' factors."

V. That his honor erred in holding, in effect, that when the complaint alleged that cotton covered by plaintiffs' lien for rent was shipped by the tenant to defendants, to be sold by them as factors, and the proceeds applied to payment of plaintiffs' rent ; that defendant had full knowledge of plaintiffs' lien, and were instructed by the shipper so to apply the proceeds ; and that defendants recovered and obtained possession of the cotton as the agent and factors of the lien, with the full understanding that

the same would be so applied; that his honor erred in holding that the complaint does not state facts sufficient to constitute a cause of action, when facts are alleged from which the law will raise an implied promise to pay the said proceeds to the plaintiffs.

It is apparent that the five grounds of appeal are intended to present the single question really involved in the appeal, viz., error on the part of the Circuit Judge in sustaining the demurrer because of a failure in the complaint as not stating a cause of action.

For the purpose of the present discussion, it must be admitted that when the defendants interposed an oral demurrer to the plaintiffs' complaint, every allegation of fact therein was admitted to be true, hence it follows that if the facts so alleged constitute a cause of action when subjected to the tests fixed by the law, the decision of the court below was error, otherwise not.

What is a cause of action? In *Suber* v. *Chandler* (18 S. C., 530), the late Chief Justice Simpson, in delivering the opinion of that court, said: "A cause of action has been held, in brief, to be a legal right of the plaintiff invaded by the defendant, and it arises when the invasion takes place." In the action under discussion it is evident that the plaintiffs, as trustees, held a certain tract of land, and while so holding it rented the same for the year 1888 to one E. Mitchell Whaley for the sum of $197 for agricultural purposes. Under the law of this State the landlords had a lien upon the crops grown by their tenant Whaley during that year to secure the payment of the $197 due by him as rent. This amount was reduced by partial payment to $135. While the crops in question were so bound by plaintiffs' lien, to wit, in October thereafter, the tenant Whaley shipped eight bales of sea island cotton grown on plaintiffs' land to the defendants as factors, to be sold by them as such, and from the proceeds of sale of such cotton these factors (defendants here) were instructed to pay the $135 to the plaintiffs, such factors knowing that the tenant Whaley had raised this cotton on the lands rented to him by the plaintiffs, and that such cotton was covered by their lien as landlords.

Now, what change has been wrought as to this cotton or its

proceeds, so far as the parties to this action are concerned? As soon as these factors were notified of the plaintiffs' rights under the foregoing allegations of facts, what attitude did they hold as to $135 of the proceeds from the sales of such cotton? Prior to the receipt of this cotton by the defendants, with knowledge of the plaintiffs' rights therein as landlords, and with a direction by their principal, E. Mitchell Whaley, to pay from the proceeds of the cotton when sold the sum of $135 to the plaintiffs, there was no connection between the plaintiffs and defendants. But how was it thereafter? It is not claimed that there was any privity between them by *actual* contract. Was there *any* privity between them? They certainly held $135 derived from the sale of Whaley's cotton that did not belong to him, for he had already appropriated it as far as he could to the plaintiffs, nor did it belong to the factors. The plaintiffs demanded this money. The defendants refused to pay it. Did the plaintiffs have a right to be paid this money? Did the defendants invade that right of plaintiffs when they so refused to pay? And at that moment of this refusal did not plaintiffs' right of action arise?

The Circuit Judge held that plaintiffs here had no right of action, because there was no privity by contract between plaintiffs and defendants. Under the form of pleadings existing before the Code in this State was adopted, when one person held money which really belonged to another person, although a stranger, and there was a refusal to pay, there was developed a cause of action for which the pleading was in assumpit for money had and received. 1 Chit. Plead., 351. This form of pleading was general. *Hall* v. *Marston*, 17 Mass., 575; *Claflin* v. *Godfrey*, 21 Pick., 6; *Marvin* v. *McRae*, Rice, 171; *Fogartie & Stillman* v. *State Bank*, 12 Rich., 518; *Peay* v. *Aiken*, 1 Strob., 103; *Buchanan* v. *Buchanan*, 4 Strob., 68. These cases support the doctrine of an implied contract between the parties. Chief Justice Parker, in the case of *Hall* v. *Marston, supra,* said: "The principle of this doctrine is reasonable and consistent with the character of the action of *assumpsit* for money had and received. There are many cases in which that action is supported *without any privity between the parties other than what is created by law.* Whenever one man has in his hands the money

of another which he ought to pay over, he is liable in this action, although he has never seen or heard of the person who has the right. When this fact is proved, that he has the money, if he cannot show that he has legal or equitable ground for retaining it, *the law creates the privity and the promise.*" The adoption of the new forms of pleadings under the Code of Procedure of this State does not affect *the rights of action.* In no instance has the latter been done.

It follows, therefore, that the Circuit Judge was in error in sustaining the demurrer, and the judgment entered up upon the order dismissing the complaint must be reversed.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.