## PARKS v. LAURENS COTTON MILLS.

PLEADINGS—CONSTRUCTION—AGRICULTURAL LIEN.—Under the rules of construction of pleadings, that when a fact is pleaded, all inferences of law or fact arising therefrom are regarded as embodied therein, and that pleadings should be liberally construed, the complaint here held to allege that defendant either had possession of the cotton soon after its purchase, or had converted it into some manufactured product, in either of which cases liability in damages would attach for failure to deliver cotton to lienee after notice of lien.

Before J. H. HUDSON, special Judge, Laurens, December, 1903. Reversed.

Action by John W. Parks against Laurens Cotton Mills. From order dismissing complaint on demurrer, plaintiff appeals.

*Mr. J. P. Park,* for appellant, cites: *Complaint shows defendant was in possession of the cotton at time its possession was demanded and inspection of its books sought:* 53 S. C., 137; 45 S. C., 462; 56 S. C., 245; 178 U. S., 349; 22 Ency.,

2 ed., 1241. *Complaint states a cause of action for both actual and punitive damages:* 43 S. C., 460; 35 S. C., 191; 63 S. C., 312; 2 Bay., 416; 34 S. C., 324; 18 S. C., 530.

*Messrs. Simpson & Cooper,* also for appellant, cite: *Complaint alleges violation Sec. 1546 of Code, 1902, and Sec. 352, Crim. Code:* 63 S. C., 307.

*Messrs. Ferguson & Featherstone,* contra, cite: *Defendant is not liable if it had sold cotton before it had notice of plaintiff's lien:* 1 Bail., 237; 14 S. C., 39. *The adoption of Code of 1902 cannot change the act of 1894 (Code, 1902, 1546; Crim. Code, 352):* Con. 1895, art. II., sec. 18; art. VI., sec. 5. *There must be some actual damages before punitive can be claimed:* 12 Ency., 2 ed., 29.

November 29, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appeal in this case is from an order sustaining a demurrer to the complaint for insufficiency and dismissing the complaint. The action was for damages based upon the following allegations:

"I. That the defendant is now and at the times herein stated was a corporation duly chartered, organized and doing business under the laws of the State of South Carolina, with its principal place of business at Laurens, S. C., and is engaged in the business of buying cotton from the initial seller and in the manufacture of cotton goods.

"II. That the plaintiff is the owner of real estate near Park Station, in Laurens County, and said State, and rented a part of his said land to W. K. McDowell for agricultural purposes for the year 1902. The said rent being payable in the fall of the year 1902.

"III. That on the          day of November, 1902, the said W. K. McDowell sold to the defendant, Laurens Cotton Mills, one bale of cotton of the value of forty-five dollars, on which the plaintiff held a lien for his said rent, and the said

McDowell failed within ten days thereafter to pay the said rent or to deposit the amount of the same with the clerk of court for Laurens County.

"IV. That soon after the sale of the said cotton to the defendant by the said W. K. McDowell, the plaintiff notified the defendant that he held a lien on the said cotton for rent, and requested and demanded of the defendant the possession of the said cotton, and also demanded of the defendant an inspection of its books, wherein is kept a record of all cotton bought from the initial seller, which demand and request the defendant wilfully, maliciously and in wanton disregard of the rights of the plaintiff, and in open violation of the laws of the State of South Carolina, refused. That the plaintiff then applied to Magistrate John M. Hudgens for a warrant of seizure against the said cotton, which warrant was duly and regularly issued, directed to the sheriff of Laurens County, South Carolina. That the said sheriff by his duly and legally appointed deputy went to the office of defendant, in the city of Laurens, S. C., for the purpose of executing the said warrant of seizure, and demanded of the president and secretary of the defendant an inspection of its books, wherein is kept a record of all cotton bought by the defendant from the initial seller; but the defendant, through its officers and agents, wilfully, maliciously and in wanton disregard of the rights of the plaintiff, and in open violation of the laws of South Carolina, refused to allow the said deputy to inspect its books, and thereby prevented him from executing the said warrant.

"V. That by reason of the defendant's refusal to deliver the said cotton to the plaintiff, and its refusal to allow either the plaintiff or the sheriff to inspect its books as aforesaid, the plaintiff has suffered damage to the amount of two thousand dollars."

The specifications of insufficiency were:

"I. Because the complaint fails to allege that the defendant was in possession of the bale of rent cotton at the time

that plaintiff demanded its possession or an inspection of the books, or that defendant was in possession thereof at the time lien warrant was issued, or at the time the action was brought.

"II. Because the said complaint fails to allege any actual damage sustained by the plaintiffs.

"III. Because the complaint fails to connect the plaintiff with any tort committed by the defendant, or to show that plaintiff was damaged by any tort committed by the defendant."

The exceptions impute error in sustaining the demurrer upon the above grounds.

When a fact is pleaded, whatever inferences of law or conclusions of fact may properly arise from it, are to be regarded as embodied in such averment. *Mason* v. *Carter*, 8 S. C., 103. The following, from Pomeroy on Code Pleading, has been several times approved in our decisions : *Childers* v. *Verner*, 12 S. C., 1; *Jerkowski* v. *Marco*, 56 S. C., 241, 246, 34 S. E., 386. "The true doctrine to be gathered from all the cases is that if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete and defective, such insufficiency pertaining, however, to the form rather than to the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and complete by amendment."

Applying this rule in connection with the rule that pleadings should be liberally construed with a view of substantial justice between the parties, we think it was error to sustain the demurrer, and dismiss the complaint. In *Graham* v. *Seignious*, 53 S. C., 132, 137, 31 S. E., 51; *Michalson* v. *All*, 43 S. C., 459, 21 S. E., 323; *Drake* v. *Whaley*, 35 S. C., 187, 14 S. E., 397, it is shown that one who receives

and disposes of cotton subject to lien with notice of the lien, is liable in damages to the lienee. The complaint alleges the plaintiff's lien, the purchase of the cotton by defendant, notice of the lien soon after the purchase, and refusal to deliver the cotton upon demand of plaintiff, and refusal of the demand of the officer having warrant of seizure, to prevent inspection of books, required by law to be kept, containing a record of cotton bought from the initial seller, in wilful disregard of plaintiff's rights, thereby preventing the execution of the warrant of seizure. That defendant had possession of the cotton soon after the sale of it to defendant by the lienor, when notice of the lien was given, is a reasonable inference from the purchase of the cotton for manufacturing purposes, and refusal to produce it on demand of the plaintiff, or to permit the use of means provided by law for the identification of cotton purchased. It is not probable that defendant had sold the cotton before notice of the lien, as it was not bought for sale but for manufacture. If the cotton after notice of the lien was sold or used in manufacturing, that would be a conversion, rendering defendant liable in damages. So that it follows, as a reasonable inference from facts alleged, that defendant either had possession of the cotton as purchased soon after the purchase, or had converted it into some manufactured product, in either of which cases liability in damages would attach after notice of the lien.

The second specification is disposed of by reference to the allegations as to the loss and value of the cotton subject to plaintiff's lien.

That the third specification could not be sustained follows from what has been already said.

The judgment of the Circuit Court is reversed.