## PARK v. LAURENS COTTON MILLS.

1. STATUTES—CODIFICATION—CONSTITUTION.—When an act is incorporated in the Code in accordance with constitutional provisions, it becomes statutory law without reference to its title as originally enacted. Objection that the body of an act does not correspond with its title is not germane to a codified act. But the body of the act, 21 Stat., 793, Code, 1902, 1546, requiring cotton buyers to keep books and to permit inspection by public, is germane to the title.

2. IBID.—CONSTITUTION.—This act is not subject to the constitutional objection that it permits unreasonable searches or requires a person to give evidence against himself.

3. DAMAGES—PUNITIVE—COTTON BUYER.—Refusal of cotton buyer, under advice of counsel, to permit sheriff or his deputy to inspect his cotton buying books, under warrant to seize cotton after notice of claim under lien and demand for possession, are acts from which jury *may* infer actual and punitive damages.

MESSRS. JUSTICE WOODS and GARY *dissent as to punitive damages.*

4. APPEAL.—Error in stating issues should be called to attention of Judge at time.

5. CHARGE.—Part of charge as to acts, under advice of counsel in mitigation of damages, construed in connection with entire charge, is not error.

6. EVIDENCE.—ATTORNEY or his client should not be permitted to state in detail the information given client by attorney upon which the advice was given to do certain acts for which punitive damages are claimed.

Before MEMMINGER, J., Laurens.    Affirmed.

Action by Jno. W. Park against Laurens Cotton Mills. From judgment for plaintiff, defendant appeals, on the following exceptions:

"I. Because it is respectfully submitted, that his Honor, Judge Aldrich, erred in refusing to strike out, as irrelevant, so much of paragraph four of plaintiff's complaint, as follows after the word 'refusal,' on pages two of the said complaint. That is, all of paragraph four, which alleges what was done by magistrate John M. Hudgens and his agent or constable, and what the defendant did with reference thereto. Also, so much of paragraph five as relates to the refusal of defendant to allow sheriff to inspect its books. It being respectfully submitted that the refusal of the defendant to allow the sheriff, or his agent, to inspect the books could not be an element of damage to the plaintiff, and was, therefore, irrelevant matter, which was prejudicial to the defendant.

"II. Because the Circuit Judge erred in refusing to hold that the act of 1894, now embodied in section 1546 of the Civil Code, and section 352 of the Criminal Code, under which this action was brought, was unconstitutional, null and void, and in not directing a verdict for the defendant upon said grounds, for the following reasons:

"First. Because the title of the said act does not express the subject thereof, in so far as the second section of the act is concerned, the title of the said act being 'An act to require cotton buyers to number each bale of cotton bought with the same number that is put upon cotton bills and books; whereas, section 2 of the said act requires that 'such books of all cotton buyers shall be open to public inspection;' thereby making said section repugnant to article II., section 20, of the Constitution of 1868.

"Second. Because the title of the said act refers to 'cotton buyers;' whereas, the body of the act only refers to cotton buyers 'buying from the initial seller,' thereby unjustly discriminating against a particular class of cotton buyers.

36—75

"Third. Because the said act is repugnant to article II., section 20, of the Constitution of 1868, for the reason that the title relates to the number that is put upon 'cotton bills and books;' whereas, the act provides for the keeping of a book, and requires that the said books shall be open to public inspection, and provides a penalty for the violation thereof.

"Fourth. Because the said act is repugnant to article I., section 22, of the Constitution of 1868, and article I., section 17, of the Constitution of 1895, in so far.as it requires that the books of private persons shall be open to public inspection, and provides a penalty for non-compliance therewith, for the reasons: (a) That it permits 'unreasonable searches and seizures.' (b) That it, in effect, requires a person to testify against himself, and is, therefore, obnoxious to article I., section 17, of the Constitution.

"III. Because the Circuit Judge erred in charging the jury that the said act was constitutional and a valid exercise of the police power, when it is respectfully submitted, that he should have held, that the said act was unconstitutional, null and void, for the reasons above set out.

"IV. Because the Judge erred in charging the jury that the Supreme Court had decided that if the plaintiff proved what he alleged, he was entitled to recover damages; the error being: (a) In ignoring the defendant's position that the act of 1904 was unconstitutional, on the several grounds above; it being respectfully submitted that the Supreme Court did not pass upon the question as to the constitutionality of the said act. (b) In virtually taking away from the jury the right to say whether or not the plaintiff had sustained any damage, and, in effect, forcing the jury to find a verdict for the plaintiff for some amount.

"V. In charging the jury that one of the grounds upon which the plaintiff asked damages was the refusal of the defendant to deliver the cotton to him, when it is respectfully submitted that the sole ground of damage, as set out in the complaint, was the refusal of the defendant to allow an inspection of its books.

"VI. Because he erred in charging the jury as follows: 'I have to charge you that the plaintiff had a legal right to see those books, and that in the refusal to allow him to see those books, if you find as a fact in this case that he was not allowed to see those books, then he has been deprived of a legal right; and where a man's legal right has been invaded, where he has been denied a legal right, he is entitled for the invasion of that legal right to some damages in the law. They may be actual damages, they may be punitive damages, or they may be nominal damages. If there are no actual damages and no punitive damages, then he is entitled to only nominal damages, which means the smallest sum possible—a trifling amount. The law has to recognize that there must be some damages for the invasion of a legal right, and in the refusal to allow its books to be inspected, if you find there was such refusal, there was the invasion of a legal right which the plaintiff had.' The error being: (a) In charging that the plaintiff was entitled to recover damages, notwithstanding that the jury might find that he had not suffered either actual or punitive damages; when, it is respectfully submitted, that, in the circumstances of this case, if the jury had found that the plaintiff had not sustained either actual or punitive damages, then he was not entitled to recover anything at all.

"VII. In charging the jury that the plaintiff, under his complaint, was entitled to recover damages for the refusal on the part of the defendant to deliver the cotton to the plaintiff; when, it is respectfully submitted, that the plaintiff was only entitled to recover damages, if at all, for the refusal on the part of the defendant to allow him to inspect its books.

"VIII. Because the Circuit Judge erred in charging the jury that the plaintiff was entitled to recover damages for the refusal of the defendant to allow the sheriff, or his agent, to inspect its books; it being respectfully submitted that a refusal of the defendant to allow the sheriff, or his agent, to inspect its books could in no wise damage the

plaintiff, and could in no sense be considered as an element of damage to the plaintiff.

"IX. In charging the jury, at the request of the plaintiff, that 'in order for the advice of the counsel to even mitigate damages, the testimony must satisfy the jury that the defendant, in seeking the advice of counsel, did so with an honest purpose to do what was right, and obey the laws of the State, and that such advice was given upon a full and fair statement of the facts in case, or such facts as were material to the issue between the parties;' the error being: (a) That such charge, in effect, instructed the jury that advice of counsel could only mitigate damages; whereas, under the law, the advice of counsel was a fact upon which the jury might have found that there was no punitive damages at all. (b) In, in effect, instructing the jury that to have that effect, the advice of counsel must be given upon a full and fair statement of the facts in the case, when the Court had refused to allow counsel and W. E. Lucas, when he was upon the stand, to state facts upon which the advice was given.

"X. In charging the jury that the advice of counsel 'is introduced into a case for the purpose of mitigation, and not excuse;' the error being in holding that the advice of counsel, if properly established, could not do away with punitive damages altogether.

"XI. Because it is respectfully submitted, that the Circuit Judge erred in refusing the motion made by the defendant for a new trial, on the grounds: First. That the finding of the jury was not supported by the preponderance of the evidence, and second, that the finding of the jury was excessive, for the reason that, according to plaintiff's own testimony, he was not entitled to recover more than thirty-five or forty dollars, there being no evidence whatever to sustain a verdict awarding anything for punitive damages.

"XII. Abandoned.

"XIII. Because the Circuit Judge erred in not permitting the witness, C. C. Featherstone, to testify as to the facts and

statements given to him by the defendant, upon which his advice to the plaintiff was founded.   And because he erred in not permitting the witness, W. E. Lucas, to testify as to the statements made by him to his attorney upon which the advice was based."

*Messrs. Ferguson & Featherstone* and *W. R. Richey,* for appellant.   The former cite: *Title of act does not cover right of inspection given public in body of act:* 16 S. C., 47; 68 S. C., 148.   *The act permits unreasonable searches:* 116 U. S., 616; *and requires a person to be a witness against himself:* 181 U. S., 283.   *As to advice of counsel touching punitive damages:* 1 Suth. on Dam., 747; 12 Ency., 44; 25 Penn., 275; 1 Ency., 906; 22 Ill., 107; 24 Fed. R., 475; 98 U. S., 187; 100 Am. St. R., 91.

*Messrs. Simpson, Cooper & Rabb,* contra, cite: *Title of act in question is germane to body:* 23 S. C., 434; 16 S. C., 35.

January 4, 1907.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   This is the second appeal herein (70 S. C., 274, 49 S. E., 871), and involves the constitutionality of the act relating to the books of cotton buyers.   Paragraph one of the complaint alleges the corporate existence of the defendant; paragraph two alleges that the plaintiff is the owner of certain land, which he rented to W. K. McDowell for agricultural purposes; and paragraph three alleges that McDowell sold to the defendant one bale of cotton of the value of forty-five dollars, on which the plaintiff held a lien for his rent.   The other allegations are contained in paragraphs four and five, which are set out in full, as there was a motion to strike out certain portions thereof, to wit:

"That soon after the sale of the said cotton to the defendant by the said W. K. McDowell, the plaintiff notified the

defendant that he held a lien on the said cotton for rent, and requested and demanded of the defendant the possession of the said cotton; and, also, demanded of the defendant an inspection of its books, wherein is kept a record of all cotton bought from the initial seller, which demand and request the defendant wilfully, maliciously, and in wanton disregard of the rights of the plaintiff, and in open violation of the laws of South Carolina, refused. That the plaintiff then applied to magistrate John M. Hudgens for a warrant of seizure against the said cotton, which warrant was duly and regularly issued direct to the sheriff of Laurens County, S. C. That the said sheriff, by his duly and legally appointed deputy, went to the office of the defendant in the city of Laurens, S. C., for the purpose of executing the said warrant of seizure, and demanded of the president and secretary of the defendant an inspection of its books, wherein is kept a record of all cotton bought by the defendant from the initial seller; but the defendant, through its officers and agents, wilfully, maliciously, and in wanton disregard of the rights of the plaintiff, and in open violation of the laws of the State of South Carolina, refused to allow the said deputy to inspect its books, and thereby prevented him from executing the said warrant.

"V. That by reason of the defendant's refusal to deliver the said cotton to the plaintiff, and its refusal to allow either the plaintiff or the sheriff to inspect its books as aforesaid, the plaintiff has suffered damage to the amount of two thousand dollars."

The defendant made a motion to strike out so much of paragraph four as alleged what was done by magistrate Hudgins or his constable, and what the defendant did with reference thereto; also, so much of paragraph five as relates to the refusal of the defendant to allow the sheriff to inspect its books, which motion was overruled.

The jury rendered a verdict in favor of the plaintiff for five hundred dollars; whereupon the defendant made a motion for a new trial, which was likewise refused.

The defendant appealed upon exceptions, which will be set out in the report of the case, except the twelfth, which was abandoned.

The first question that will be considered is whether his Honor, the presiding Judge, erred in overruling the objection to the constitutionality of the act of 1894, 21 St., 793, on the ground that the title and the body of the act do not correspond. That act is as follows:

"An act to require cotton buyers to number each bale of cotton bought with same number that is put upon cotton bills and books.

"Sec. 1. Be it enacted by the Senate and House of Representatives of the State of South Carolina, now met and sitting in General Asembly, and by the authority of the same, That from and after the passage of this act, each and every cotton buyer in this State, buying from the initial seller, shall be required to keep a book in which shall be inserted the number of bales of cotton bought by him. He shall number the bales of cotton bought by him, the name of those from whom he purchases, and shall give to the seller a cotton bill, on which shall be put the number of the bale or bales of cotton bought from him. The number on the bale of cotton on his books and on the cotton bill shall be the same number.

"Sec. 2. That such books of all cotton buyers shall be open to public inspection.

"Sec. 3. That any person violating the provisions of the first section of this act shall, on conviction, be fined in a sum not exceeding one hundred dollars or imprisonment not exceeding thirty days."

Section 5, article VI., of the Constitution, contains the following provisions: "The General Assembly, at its first session after the adoption of this Constitution, shall provide for the appointment or election of a commissioner, whose duty it shall be to collect and revise all the general statute law of this State then of force as well as that which shall be

passed from time to time, and to properly index and arrange the said statutes when so passed. And the said commissioner shall reduce into a systematic code the general statutes, including the Code of Civil Procedure, with all amendments thereto, and shall, on the first day of the session of the year 1901, and at the end of every subsequent period of not more than ten years, report the result of his labors to the General Assembly, with such recommendations and suggestions as to the abridgment and amendments as may be deemed necessary and proper. Said report when ready to be made shall be printed and a copy thereof laid upon the desk of each member of both houses of the General Assembly on the first day of the first session, but shall not be taken up for consideration until the next session of the General Assembly. The said Code shall be declared by the General Assembly, in an act passed according to the forms of this Constitution for the enactment of laws, to be the only general statutory law of the State; but no alterations or additions to any of the laws therein contained shall be made except by bill passed under the formalities heretofore prescribed for the passing of laws."

In pursuance of the foregoing requirements of the Constitution, an act was passed in 1902, entitled "An act to declare the Code as submitted by the Code Commissioner of South Carolina to be the only statutory law of the State."

The act of 1894 was incorporated in the Code of Laws as section 1546, except the title thereof, and the third section is made a part of the Criminal Code. Therefore, the provisions of said act, without reference to its title, became a part of the only statutory law of the State, and the objection was properly overruled. *Edwards* v. *Ry.,* 66 S. C., 277, 44 S. E. R., 790. Furthermore, the body of the act was germane to the subject expressed in the title thereof. *State* v. *O'Day,* 74 S. C., 448.

Those exceptions raising the question that the act is unconstitutional on the ground that it permits unreasonable

searches and seizures, and that it, in effect, requires a person to testify against himself, cannot be sustained, for the reason that this is neither a criminal proceeding, nor is it an action to declare a forfeiture.

The exceptions assigning error in refusing to strike out certain allegations of the complaint cannot be sustained, as there was no abuse of discretion.

The fifth exception must be overruled, for the reason that if the Circuit Judge erred in stating the issues raised by the pleadings, it was the duty of the defendant's attorney to call his attention to the fact, if there was an intention to assign it as a ground of error.

The sixth exception cannot be sustained, as the jury did not render a verdict for *nominal* damages.

The seventh exception cannot be sustained, for the reason that the complaint alleged a violation of the plaintiff's rights in the cotton, as well as his right to inspect the books.

When the portions of the charge set out in the ninth exception are considered in connection with the entire charge, it will be seen that they are free from error.

The next question is whether there was any testimony tending to show that the plaintiff was entitled to punitive damages. The defendant knew that there was a statute requiring it to allow its books to be inspected, and yet it refused such inspection. The motive which prompted the refusal was a question for the jury.

The thirteenth exception must be overruled, for the reason that the ruling of the presiding Judge only prevented the witnesses from testifying as to the details.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS, *dissenting*. I dissent. In my opinion the evidence furnishes no basis whatever for the

recovery of punitive damages, and the judgment of the Circuit Court should be reduced from five hundred dollars to fifty dollars, the value of the bale of cotton on which plaintiff had a rent lien, and which he probably would have been able to find if he had been allowed to inspect defendant's books.    The whole evidence shows the officers of the defendant corporation, in refusing to allow an inspection of its books, were merely asserting, in accordance with the advice of learned and honorable counsel, what they supposed to be the corporation's constitutional rights; and I do not think the defendant should be penalized for such a course of conduct.

I concur in overruling exceptions on other points.

MR. JUSTICE GARY, *dissenting.*    I dissent on the sole ground that there was no testimony tending to show that the plaintiff was entitled to punitive damages.    *Gwynn* v. *Tel. Co.,* 69 S. C., 434.