· 9671

MARKERT v. NORTH AUGUSTA WAREHOUSE & FERTILIZER
COMPANY.

(92 S. E. 201.)

1. LANDLORD AND TENANT—LIEN FOR RENT—NOTICE TO PURCHASER.—
Where plaintiff notified defendant of his lien on cotton sold by
plaintiff's tenant prior to the sale, such notice, being given before
defendant's purchase, was sufficient to preserve plaintiff's right.

2. LANDLORD AND TENANT — LIEN FOR RENT — EQUITABLE ESTOPPEL.—
Where plaintiff's tenant sold to defendant cotton on which plaintiff
had a lien, the fact that defendant refrained from criminally prose-
cuting the tenant because plaintiff promised to attach the cotton
does not raise any estoppel against plaintiff; it not being the policy of
the law to collect debts by criminal prosecution.

3. DAMAGES — DUTY TO MINIMIZE DAMAGES. — Where the contract
between plaintiff and his tenant required the tenant to deliver cotton
at a warehouse, plaintiff is not, the tenant having breached his con-
tract and made a sale of the cotton to defendant, bound to accept
two bales of cotton tendered him by the tenant so as to diminish
defendant's loss.

4. MARSHALING ASSETS AND SECURITIES—RIGHT TO REQUIRE.—Where a
tenant, who was required to deliver cotton, raised at a warehouse
sold to defendant cotton on which the landlord had a lien, the land-
lord's claim could not be defeated on the ground that he should first
seek satisfaction in any other possible way before attempting to
reach the cotton sold to defendant; there being no place in such case
for the doctrine of marshaling of assets.

Before PRINCE, J., Aiken, April, 1916.    Affirmed.

Action by P. M. Markert against the North Augusta Warehouse & Fertilizer Company: From a judgment for plaintiff, defendant appeals.

*Messrs. Hendersons,* for appellant, cite: *As to innocent purchaser:* 6 S. C. 159. *Plaintiff's lien:* 96 S. C. 313. *Notice to defeat rights of innocent purchaser:* 35 Cyc. 346; 70 S. C. 274; 75 S. C. 264 and 560; 59 S. C. 146; 70 S. C. 489. *Remedy of lienee:* 14 S. C. 38; 15 S. C. 548; 1 Bailey 238; 43 S. C. 459; 53 S. C. 132; 105 S. C. 157; 69 S. C. 350. *Money had and received:* 35 S. C. 187; 70 S. C. 489.

*Mr. J. B. Salley,* for respondent, cites: *As to time of notice:* 53 S. C. 137; 69 S. C. 350; 70 S. C. 274 and 487; 91 S. C. 121. *Damages for conversion of personal property:* 89 S. C. 538; 91 S. C. 441; 72 S. C. 464; 105 S. C. 127. *Landlord's lien:* Civil Code, sec. 4162. *Two fund doctrine inapplicable:* 48 S. C. 405; 104 S. C. 163.

April 18, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brings this action for the value of certain bales of cotton that were in the possession of and sold by the defendant. The plaintiff claims that he had a lien on the cotton for rent, and that he notified the defendant of his lien before sale, and while the defendant was still in possession of the cotton. The cotton had been sold and delivered to the defendant by the plaintiff's tenant.

In so far as pertinent the facts can be stated as the questions arise.

1. Appellant says: "The disputed point and the point raised by this appeal is, when the notice must be given, to

defeat the intervening rights of a subsequent purchaser for valuable consideration. We submit manifestly that the notice must be given when the purchaser purchases; when he parts with his valuable consideration; when he secures his title to the property; when his interest accrues."

The appellant asked permission to review *Parks* v. *Cotton Mills,* 70 S. C. 274, 49 S. E. 871. The Parks case should not be overruled, and is conclusive here. Notice of the lien was given while the defendant had the cotton. The defendant made itself liable to plaintiff by subsequent sale.

2. The second exception is: "Upon the question of estoppel, the appellant excepts that his Honor erred in charging the jury, as follows: 'I charge you that if it be insisted that the defendant could have prosecuted Taylor and refrained from prosecuting him because of the promise of the plaintiff to go to Augusta and attack [*sic*] the cotton, that that would not amount to estoppel, because it is not the policy of the law in the State of South Carolina to collect debts by criminal prosecution. So that plaintiff could not reasonably have anticipated that the defendant would be caused a loss by his promise to go to Augusta to seek to find the cotton, and, if found, to attach it for his rent.' It is submitted that the foregoing is: (a) A charge upon the facts, being tantamount to charging the jury that the plea of estoppel should be rejected; and (b) that the foregoing charge eliminated completely from the jury's consideration the important question of whether or not the defendant would or would not have pursued its remedy under its mortgage but for the plaintiff's promise to go to Augusta and attach the cotton there."

The portion of the charge complained of, taken with its surroundings, shows that the whole refers to the failure of the defendant to prosecute the tenant who sold the crop under lien. Judge Prince stated the law correctly when he

said, "It is not the policy of the law to collect debts by criminal prosecution."

3. The third exception is: "That his Honor, the presiding Judge, erred in refusing to charge defendant's fourth request, which is as follows: 'If Taylor offered two bales of cotton to Markert, and these two bales did not get to the defendant company, and are not included in the seven bales which the defendant received, than [*sic*] Markert must give credit upon his rent for the two bales so offered and refused.' It is submitted that the foregoing request states a valid proposition of law, applicable to the present case; the true doctrine being that, if it be established that the defendant is liable and that Markert has been damaged as a result thereof, it was his duty to minimize the damage all that he could by receiving the two bales of cotton in question if proffered to him."

The contract between the plaintiff and his tenant was that the tenant should deliver the cotton at the warehouse. No authority has been cited, and we know of none, that requires a party to a contract, to vary its terms to save an unknown third party from loss. There is nothing in the case to show that the plaintiff had reason to suspect that the tenant would sell the cotton to the warehouse people.

4. The fourth exception is: "That the presiding Judge erred in refusing to charge the defendant's fifth request to charge, as follows: 'If there were two sources from which Markert might have gotten his rent, namely, cotton which through any laches upon his part, if any, had gotten into the hands of the defendant and become impressed with its rights, and other cotton or crops which the plaintiff might, with reasonable diligence, have procured at the time, the law would require him to have availed himself of such other crops if the same were available.' It is submitted that the foregoing request should have been charged, this being a case in which the two fund doctrine was peculiarly applicable, the uncontradicted facts showing that there

were laches on the part of Markert in failing to notify the
defendant company of the existence of his rent claim and of
the fact that he expected Taylor to deliver cotton at their
warehouse, thus inducing said company to part with valuable
consideration for cotton as it was delivered."

Again, we know of no authority, and we have been cited
to none, that makes the two fund doctrine applicable *in pais*.
The two fund doctrine is applied by Courts that have before
it at least two parties and two funds.   There was only one
fund here, and the doctrine is not applicable here.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur in
the opinion of the Court.

MR. CHIEF JUSTICE GARY concurs in the result.