## 11541

### DuRANT v. HOME BANK

#### (124 S. E., 12)

1. Chattel Mortgages—Share Cropper Has Lien Prior to Chattel Mortgage, Regardless of Question of Division.—Under Civ. Code, 1922, § 5693, a share cropper, who has not been paid, has a lien next in priority to landlord's lien for rent on all crops raised, regardless of question of division, and if bank, as crop mortgagee, seizes any of crop and appropriates proceeds to its own use, it is liable for conversion to share cropper.

2. Landlord and Tenant — Bank Seizing Property on Which Plaintiff Has Lien as Share Cropper, Liable for Conversion.—Where a bank, as crop mortgagee, with knowledge of plaintiff's interest, seized property on which plaintiff has a lien as a share cropper, and disposed of it to its own use, depriving share cropper of opportunity of enforcing his lien, it is liable as for a conversion.

3. Trover and Conversion—One Disposing of Property With Notice of Lien Liable to Lienee.—One who receives and disposes of personal property subject to and with notice of a lien is liable to lienee in damages.

Before N. G. Evans, Special Judge, Barnwell, 1923. Affirmed.

Action by Will DuRant against Home Bank of Barnwell. Judgment for plaintiff, and defendant appeals.

*Messrs. Holman & Boulware* and *V. S. Owens* for appellant.

*Messrs. Patterson & Kennedy,* for respondent, cite: *Laborer's lien on crop:* Code 1922, Section 5693; 79 S. C., 13; 111 S. C., 105. *Evidence of agency of wife for her husband:* 111 S. C., 105; Story, Agency, Sec. 256; Jones, Evid., Sec. 741; 17 S. C., 338. *Crops on wife's land, made by husband, belong to him:* 101 S. C., 381; 52 S. C., 371.

July 8, 1924.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action for damages for the conversion of certain crops, seized under a crop mortgage given by the husband of the owner of certain lands. The plaintiff, a share cropper of the husband, claimed that the crop seized had been set off to him as his share, or that he had a statutory lien as such share cropper or laborer upon it, for his share. Verdict for the plaintiff, and the defendant·appeals.

The facts were these: During the year 1920, one Josephine Brown was the owner of a tract of land in Barnwell County. It was cultivated, as was natural, by her husband, Ben Brown. He entered into a share cropper agreement with the plaintiff, DuRant, covering 30 acres of the tract. The agreement was verbal, in the presence of witnesses, entered into on January 3, 1920, and under it DuRant was to cultivate the farm and receive one-half of the proceeds for his labor and attention. On January 26th, Ben Brown gave the defendant, Bank, a mortgage upon the crops on the entire tract, and had Josephine Brown to release in its favor her claim for rent, as security for money advanced. In the fall the crop raised on the 30 acres consisted of 8 bales of cotton, 300 bushels of corn, 1,200 bundles of fodder, 4 bushels of potatoes, and 24 bushels of peas. The first 4 bales ginned were sold by Ben Brown in Augusta, and the entire proceeds appropriated by him. The fifth bale was turned over to another bank, which applied $40.00 of the proceeds to a debt of the plaintiff, and paid the remainder to the defendant, Bank, upon Brown's obligations. The sixth bale was sold and the proceeds divided equally between Brown and the plaintiff. The seventh and eighth bales were seized by the defendant, sold, and the proceeds applied to the obligations of Brown, together with the cotton seed, the corn, and the fodder, all of which at the time was in the possession of the plaintiff. A few days prior to the seizure of this property by the Bank, Brown absconded. After he had absconded, and before the seizure by the Bank, Josephine Brown went to the plaintiff's place and turned over to him what was left, that which was

seized by the Bank afterwards, as his share of the entire crop. (The Bank excepts to the admission of this evidence; but, as will be seen, the question of a division of the crop is not material.)

Much of the evidence and of the argument is addressed to the issue whether or not the crop had been actually divided between Brown and DuRant, at the time of the seizure by the Bank, a matter entirely irrelevant and inconsequential. The qusetion in the case is whether or not DuRant had been paid for his labor; if not, under the statute, he had a lien next in priority to the landlord's lien for rent, upon all of the crop raised on the place, regardless of the question of a division, and if the Bank seized any of it, and appropriated the proceeds to its own use, it is liable as for a conversion to the plaintiff therefor. Code, Volume 3, § 5693.

The plaintiff, strange to say, has sued the Bank for only one-half of the value of the property seized by it. If his statement be true that the first four bales were appropriated by Brown, that the fifth and sixth were divided between them, and that the seventh and eighth were left in his possession and seized by the Bank, Brown owed DuRant for one-half of the four bales sold in Augusta, for which he had a lien upon the two bales which were seized by the Bank.

The Bank contended that the owner of the land had assigned to it her lien for the rent, and that the seizure of the crop might be referred to that claim. There is no evidence in the case tending to support a contract of renting between Josephine Brown, the owner, and her husband, Ben Brown. The plaintiff in his testimony has roughly, but accurately, stated the situation: "Husbands don't rent; they just go ahead." The presiding Judge fairly submitted to the jury the questions whether or not there was a contract of renting between Josephine Brown and her husband, Ben Brown, and whether or not the plaintiff's claim to the crop as his share had been established. Both issues,

we must assume from the verdict, were decided by the jury in favor of the plaintiff, and we perceive no valid reason for disturbing their conclusion.

2　　The Bank, therefore, having seized property upon which the plaintiff had a lien as a share cropper or laborer, of which fact the evidence shows it was well aware, and having disposed of it to its own use and deprived the lienholder of the opportunity of enforcing his lien, must be held liable as for a conversion, and is fortunate in not being held accountable for the whole instead of half.

3　　One who receives and disposes of personal property subject to a lien, with notice of the lien, is liable to the lienee in damages. *Parks v. Cotton Mills,* 70 S. C., 274; 49 S. E., 871. *Graham v. Seignious,* 53 S. C., 132; 31 S. E., 51. *Michalson v. All,* 43 S. C., 459; 21 S. E., 323; 49 Am. St. Rep., 857. *Drake v. Whaley,* 35 S. C., 187; 14 S. E., 397. *Peeples v. Werner,* 51 S. C., 401; 29 S. E., 2. *Madden v. Watts,* 59 S. C., 81; 37 S E., 209. *Birt v. Green* (S. C.), 120 S. E., 747. *Sanders v. Warehouse Company,* 101 S. C., 381; 85 S. E., 900.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Messrs. Justices Watts, Fraser and Marion concur.

Mr. Chief Justice Gary did not participate.