17701

FRANCIS MARION LIFE INSURANCE COMPANY, Respondent,
v. CITY OF COLUMBIA, South Carolina, and Guy A. Pitts, as
Treasurer of the City of Columbia, South Carolina, Appellants.

(115 S. E. (2d) 796)

*Messrs. John W. Sholenberger, Edward Harter* and *James M. Windham,* of Columbia, *for Appellants,*

*Messrs. Edens & Hammer, A. Fletcher Spigner, Jr.,* and *Cooper & Gary,* of Columbia, *for Respondent,*

August 22, 1960.

TAYLOR, Justice.

This appeal arises out of an action brought to recover the amount of $1,043.77 paid under protest as property taxes assessed against certain intangibles owned by plaintiff, plus interest.

The City of Columbia included in plaintiff's assessment certain intangibles as being subject to property taxes. Plaintiff insurance company, pursuant to Section 65-1721 of the Code of Laws of South Carolina, 1952, made its return for the year ending December 31, 1957. Upon receipt of such return, the Tax Commission deducted such items as were exempt by Sec. 65-1522, Code of Laws of South Carolina, 1952, and items assessed locally such as real estate, automobiles, furniture, fixtures and office equipment and equalized and assessed the remainder pursuant to the provisions of Sec. 65-65 of the Code of Laws of South Carolina, 1952. The South Carolina Tax Commission notified plaintiff that a tax assessment in the amount of $22,740.00 had

been placed on the intangible personal property against the plaintiff insurance company for the year commencing January 1, 1958.

On the basis of this $22,740.00 valuation of the intangible personal property of plaintiff at a tax levy rate of 45 mills, the City of Columbia levied a tax for the year 1958 against the plaintiff insurance company in the amount of $1,023.30, which amount was paid under protest and suit duly instituted for recovery. The City of Columbia being in the County of Richland, said County levied a tax for the year 1958 on the same intangible personal property at the rate of 63 mills or a tax total of $1,446.45.

Plaintiff instituted suit for recovery contending that the intangible personal property on which taxes were paid under protest was not subject to taxation under the Constitution and Laws of South Carolina; and if subject to taxation, the amount paid on such property exceeds the limitations of the Constitution in that it was more than one-half of one per cent.

The Honorable Legare Bates, Judge of the County Court of Richland County, after hearing, issued his Order requiring return of the taxes paid under protest because no legislation has been enacted so providing within the contemplation of Art. X, Sec. 1, of the Constitution of South Carolina, 1895, as amended in 1932, and, further, the tax imposed was in excess of the limitation set forth in said Article and Section of the Constitution.

In 1930, by virtue of Act No. 809 (Acts of the General Assembly, 1930, page 1349) approved April 5, 1930, it was provided that there would be submitted to the electorate an amendment to Art. X, Sec. 1, of the South Carolina Constitution. In 1932, following submission to the electorate, which favored the amendment, there was enacted Act No. 603 (Acts of the General Assembly, 1932, page 1126). The amendment was thus effected. The amendment to Art. X, Sec. 1, as contained in the 1932 Act, was in the following language:

" 'Provided, Further, That the General Assembly may provide by law for the assessment of all intangible personal property, including moneys, credits, bank deposits, corporate stocks, and bonds, at its true value for taxation for State, County and municipal purposes or either thereof: Provided, That the total rate of taxation imposed thereon shall never exceed one-half of one per centum of the actual value of such intangible property: Provided, Further, That such intangible personal property shall not be subject to the three mill levy provided by Section 10, Article 11, of this instrument or to any other general or special tax levy, except such as is especially provided by the General Assembly by the authority and within the limitation of this provision; nor shall such intangible personal property be considered a part of "taxable property," as such term is used in this instrument, of the State or any subdivision thereof.' "

The foregoing amendment authorized the General Assembly to provide by law for the assessment of intangible personal property for taxation provided such was within the limitation as to the rate of such taxation and then placed such property in a separate status from all other property for tax purposes, intangible personal property being excluded from the classification as taxable property and specifically excluded from all tax levies "except such as is especially provided by the General Assembly by the authority and within the limitation of this provision. * * *"

Prior to 1932, the Code had included provisions with respect to taxation of intangible personal property along with other taxable property. In Sec. 335, 1922 Code of Laws of South Carolina (Sec. 65-1521 of the 1952 Code), other types of intangible personal property were made subject to taxation under the title "What property is taxable." Various types of intangible personal property were included in the definition of "Personal property" in Sec. 341, Code of Laws of South Carolina, 1922 (Sec. 65-1501 (2) of the 1952 Code). The same was true with respect to the specific provision relating to returns required of insurance com-

panies, Sec. 392, Code of Laws of South Carolina, 1922 (Sec. 65-1721, 1952 Code and Sec. 65-65, 1952 Code).

Thereafter the same provisions relating to intangible personal property as a part of other taxable property were merely carried forward in Codes subsequent to the Constitutional Amendment of 1932. It is apparent, therefore, that unless the recodification of the statutes can be considered to be legislation "especially provided by the General Assembly by the authority and within the limitation" of Art. X, Sec. 1, as amended in 1932, there has been no other action on the part of the General Assembly relating thereto.

Appellants, to support their contention, cite *Parks v. Laurens Cotton Mills,* 75 S. C. 560, 56 S. E. 234; *Nexsen v. Ward,* 96 S. C. 313, 80 S. E. 599; *Colonial Life & Accident Insurance Company v. South Carolina Tax Commission,* 233 S. C. 129, 103 S. E. (2d) 908. These cases are authority for the proposition that an act of the General Assembly, invalid because of a defective title, is validated by a subsequent inclusion in the Code but are not authority for the proposition now before the Court, which is not whether there has been legislative action but whether there has been legislative action "especially provided by the General Assembly by the authority and within the limitation" of Art. X, Sec. 1, as amended in 1932. No change has been made in the statute pursuant thereto and no action taken by the General Assembly subsequent to the adoption of the amendment. We are, therefore, constrained to hold that the adoption of the Code which carried the same provisions as the previous Code relative to the subject under consideration was not such legislation as could be described as being "especially provided * * * by the authority and within the limitation" of Art. X, Sec. 1, of the Constitution as amended in 1932.

Appellants also contend that the Order appealed from should be reversed in that it held that the taxes assessed exceeded the limit of one-half of one per cent as set forth in Art. X, Sec. 1, of the Constitution. In view of the foregoing conclusion, this question becomes academic.

We are of the opinion that all exceptions should be dismissed and the Order appealed from affirmed; and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.