## MICHALSON v. ALL.

1. LIEN—CONVERSION—ACTION.—Where defendant induced a lienor to turn over to him in the night time three bales of cotton known to be covered by an agricultural lien, and placed this cotton beyond the reach of a warrant to enforce the lien, the lienee may maintain action against the defendant, in the nature of the old action of trespass on the case.

Before WITHERSPOON, J., Barnwell, November, 1894.

Action by Isaac Michalson against W. A. All, jr., and others, partners, as W. A. All, jr., & Co., commenced October 2, 1894.

*Messrs. James E. Davis* and *A. M. Boozer,* for appellant.

*Messrs. Patterson & Holman,* contra.

April 2, 1895.   The opinion of the court was delivered by
MR. JUSTICE POPE.   The plaintiff by his complaint alleged that on the 6th day of February, 1893, one John Kirkland executed to him an agricultural line—that is, a lien on all the crops the said John Kirkland should make during the year 1893 on the plantation of land known as the Boynton place, to secure the sum of $270, advanced to said Kirkland by the plaintiff in supplies to make such crops; that all the cotton made by Kirkland was three bales of cotton; and that the defendants, well knowing that the said Kirkland had given to the plaintiffs an agricultural lien on said cotton, and in fraud of plaintiffs' rights, induced the said Kirkland to haul said three bales of cotton from the Boynton place to the defendants' place of business in the night time; that the defendants thereafter placed the said three bales of cotton beyond the reach of the agricultural lien and converted the same to their own use, to the damage of the plaintiff $270.   The defendants demurred to this complaint, because it failed to state facts sufficient to constitute a cause of action.

The cause came on to be heard before his honor, Judge Witherspoon, on the complaint and the demurrer thereto, whereupon the said Circuit Judge sustained the demurrer in

the following judgment: "The defendants interposed a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff seeks in this action to enforce his rights upon an agricultural lien. It was held in *Sternburger* v. *McSween,* 14 S. C., 35, and *Kennedy* v. *Reames,* 15 S. C., 548, that the only remedy to enforce rights under an agricultural lien is that provided by the statute. After hearing argument by counsel, I conclude that the defendants' demurrer must be sustained with costs, and it is hereby so ordered and adjudged." The plaintiff now appeals from such a judgment upon the single ground that the Circuit Judge erred in ststaining the demurrer.

It seems to us that the Circuit Judge is in error, as we shall now attempt to point out. Unquestionably, if these three bales of cotton were still in Barnwell County, the plaintiff could have seized them under the warrant of the clerk directed to the sheriff of that county, commanding such sheriff to seize said three bales of cotton, no matter in whose hands the same might be. This power to set this machinery in motion is vested by the statute in the plaintiff. And if the cotton was there, the plaintiff would be forced to adopt that remedy. But the plaintiff, by his complaint, alleges that such three bales of cotton have been carried off by the defendants, and converted to their own use, so that such warrant cannot reach them. All these facts are admitted by the demurrer. Do not these facts suggest the remedy of an action on the case—trespass on the case under the old common law? It seem so to us. It makes no difference that, under our present Code of Civil Procedure, the specific action of trespass on the case is abolished, for the present pleadings by complaint are adapted to meet all those old forms of action. We do not think the two cases cited by the Circuit Judge when critically examined conflict with this view.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court, with leave to the defendants to answer.