JOHN SLAUGHTER v. N. O'BERRY, Chairman of Sewer Committee
of Goldsboro.

(Decided March 13, 1900.) ·

*Sewerage of Goldsboro—Construction—Inspection—Super-*
*vision—Connections—Preservation—Authority of City*
*—Right of Citizen—Mandamus.*

1. The city has the right to require that connections with its sewerage
   system should be made by its licensed officer; that materials fur-
   nished should be proper for such work, and subject to inspection
   and approved by the city inspector, and the work done under his
   supervision.

2. The citizen has the right to furnish his own material, subject to
   inspection and approval of the city inspector, and to do his own
   work on his own premises—and ought not to be compelled to hire
   the city to furnish material and to do the work.

3. A city can not, in the exercise of its corporate powers, interfere with
   the rights of the owner over his property, nor with his personal
   rights, where it is not necessary for the public benefit.

CIVIL ACTION for mandamus to compel the defendant,
chairman of Sewer Committee of Goldsboro, to grant a permit
to plaintiff to make connection of his house on John street
in said city with the public sewers of the city, heard before
*Moore, J.,* at October Term, 1899, of WAYNE Superior Court.

The plaintiff was duly licensed and had paid the tax
required for one year from January 16, 1899.

The defendant refused the permit, for the reason that
plaintiff had not made the deposit estimated to be sufficient to
meet expenses of construction and material, but proposed to
do the work himself and furnish his own material, under the
supervision of the city inspector, which was not in accordance
with the city ordinance.

His Honor adjudged that the plaintiff was entitled to the mandamus as prayed for, and so directed. Defendant excepted and appealed.

The case fully appears in the opinion.

*Mr. A. C. Davis,* for appellant.
*Mr. W. C. Munroe,* for appellee.

FURCHES, J. The plaintiff is a citizen and the owner of a house and lot in the city of Goldsboro, and Goldsboro is an incorporated city, and the owner of a public sewerage system. The defendant, O'Berry, is the chairman of the Sewerage Committee of said city, with power to grant privileges of connection with said city sewerage, upon specified terms mentioned in the ordinances of said city. Among the specified requirements of the city ordinances are the following: That no connection shall be made, but by some person elected and licensed by the city to make such connection. That said work shall then be done under the supervision and direction of the city inspector, and that the city shall furnish the materials and do the work of making such connection to within three feet of the building to be so connected with said sewerage. That the application for such connection shall be in writing setting forth the location of the building to be connected, and the purposes for which the sewerage is to be used, a survey and plan of said sewerage containing an estimate of the cost of said connection, and that the applicant shall deposit a sufficient amount of money with the city to defray the expenses of such connection.

The plaintiff has been elected and licensed to make such connections, and has made his application in writing and furnished a survey of the premises with estimates of cost of said connection; but declined to make the deposit required by the

ordinance, and asked the privilege of furnishing his own material, and of doing his own work in making the connection, under the direction and supervision of the city inspector. This application of the plaintiff was refused for the reason that he had not made the deposit required by the ordinance, and because he proposed to furnish his own material and do his own work in making the connection. These are the substantial facts as we understand them, and present the question of consideration and determination.

The city being the owner of a public sewerage, it has the right, and it is its duty to protect the same from improper uses and connections. But this should be done in a reasonable manner, and so as not to affect private rights further than is *necessary* for that purpose. Where it becomes necessary to invade private property, it must be done with the consent of the owner or under the doctrine of eminent domain, when the owner would be entitled to compensation. Neither can the city, in the exercise of its corporate powers, interfere with the rights of the owner over his property, nor with his personal rights where it is *not* necessary to do so for the public benefit.

From a consideration of these principles, it seems to us that the city had the right to say what is a proper connection with its sewerage; that it had a right to require that this connection should be made by its authorized agent and under the direction and supervision of its city inspector, and that only suitable material should be used in making such connection. But with these, it seems to us that its rightful powers ceased.

The plans and specification for this connection had been made and approved. The connection was a proper one to be made, or the plans and specifications filed by the plaintiff would not have been approved. The plaintiff was a licensed

officer of the city to do such work, under the direction and supervision of the city inspector.

So the question comes down to this: Should the plaintiff be allowed to furnish his own material, subject to the inspection and approval of the city inspector, and to do his own work on his own premises, or shall he be compelled to hire the city to furnish this material and to do his work?

We see no reason why he should be required to do so. We can see no benefit the city is to derive from such a requirement, unless it be a profit on the material or the work to be done, or to furnish a job for some favorite of the corporate authorities. We do not say this is so, but we say that, if it is not, then we see no reason for such requirement, and no public benefit to be derived from such requirement. And if it is not required for the public good, it is an unnecessary invasion of the personal and property rights of the plaintiff—*ultra vires,* and unlawful.

Too much stress should not be put upon the fact that the plaintiff is a licensed officer to make the connection—"to tap the main." That fact supplies only one of the points made in this case, and therefore enters into its consideration. But had he not been such licensed officer, it seems to us that it would have been only necessary for the plaintiff to have gotten some one licensed by the city to do such work—to make the connection with the main, and the other work, such as supplying the material, digging the trench and covering the pipe, he might have been allowed to do himself, as the city was in no way interested in that.

Where a city has the power to erect a public improvement, and to control, manage and protect the same, the line of demarcation is so small and so delicately drawn between such power and the rights of the individual citizens of the corpora-

tion, that it is difficult to run and mark it, so as to give the corporation its proper powers without infringing upon individual rights and property rights. But, as delicate as this duty is, it seems to us that in this case the line of demarcation is plainly apparent. But if it was in doubt, it would have to be resolved against the defendants and in favor of the plaintiff's individual rights. 1 Dillon Mun. Corp., par. 89; *State v. Webber,* 107 N. C., 962; *Edgerton v. Water Co.,* at this term.

We are therefore of the opinion that the city had the right to require that this connection should be made by its licensed officer; that material furnished should be proper for such work and subject to the inspection and approval of the city inspector; and that the work of putting them in should be done under the supervision of the city inspector.

But we are also of the opinion that the city had no right to compel the plaintiff to buy the material from it; nor had it the right to compel the plaintiff to pay it to do the work we have specified and pointed out above, in this opinion.

The plaintiff was entitled to the mandamus, and the judgment of the Court below is

Affirmed.