A. V. Coco, Atty. Gen., and E. Vuillemont, Dist. Atty., of New Iberia (Vernon A. Coco, of New Orleans, of counsel), for the State. L. T. Dulany, of New Iberia, for appellee.

LECHE, J. Defendant was indicted under the provisions of section 1 of Act No. 110 of 1908. He moved to quash the indictment on the ground that the statute denouncing the offense for which he is prosecuted is unconstitutional, because it contains several and various objects, and that the objects contemplated are not set forth in and expressed in its title, in violation of article 31 of the Constitution.

From a judgment maintaining the motion to quash, the state has appealed.

This question has already been decided adversely to the contention of defendant in the case of State v. Allen, 129 La. 733, 56 South. 655, Ann. Cas. 1913B, 454, where the validity of that statute was upheld as not in violation of the quoted article of the Constitution.

The ruling appealed from is therefore set aside and reversed, and it is ordered that the case be remanded to the Nineteenth judicial district court for the parish of Iberia, there to be proceeded with according to law.

═══════

(76 South. 812)

No. 22540.

FRISTOE v. CITY OF CROWLEY et al.

(Oct. 29, 1917.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS ⊚═712—SEWERAGE CONNECTIONS — STATUTE AND ORDINANCE—POLICE POWER.

Act No. 249 of 1912, authorizing municipalities having a sewerage system to compel the owners of property within a distance of 300 feet from a public sewer to connect their premises with the sewerage system, and an ordinance enacted in pursuance thereof, do not violate or invade any constitutional guaranty, but are legitimate exercises of the police power.

2. CONSTITUTIONAL LAW ⊚═89(1)—MUNICIPAL CORPORATIONS ⊚═712 — LIBERTY OF CONTRACT—SEWERAGE CONNECTIONS.

A municipal ordinance that allows the property owners ample opportunity to furnish their own material and have their premises connected with the public sewerage system, and, in default thereof within the time specified, authorizes the municipality to contract for the work to be done at the expense of the property owners, does not deprive the latter of their liberty or freedom of contract.

3. LIENS ⊚═22 — STATUTES ⊚═64(7)—PRIVILEGE—REMEDY—PARTIAL UNCONSTITUTIONALITY.

If the Legislature has failed, either intentionally or by inadvertence, to provide, in a statute creating a lien, a special remedy for the enforcement of the lien, it does not follow that the entire statute is therefore null or without effect. The provisions for the special remedy for enforcing the lien might be unconstitutional without affecting the validity of the provisions creating the lien. A liability created by statute without a special remedy may be enforced by an ordinary action.

Provosty, J., dissenting.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Suit for injunction by Jeff W. Fristoe against City of Crowley and H. S. Sealey. From a judgment maintaining an ordinance and statute as valid, dissolving the writ of injunction, and dismissing the suit, he appeals. Affirmed in part, and in part made a judgment of nonsuit against plaintiff.

Philip S. Pugh, of Crowley, for appellant. Harry W. Gueno, City Atty., of Crowley (Denis T. Canan, Jr., of Crowley, of counsel), for appellees.

O'NIELL, J. The mayor and board of aldermen of the city of Crowley adopted an ordinance requiring the owners of all improved property situated within 300 feet from the public sewer to connect their premises with the sewerage system. The ordinance, being Ordinance No. 440, conforms precisely with the statute on the subject (Act No. 249 of 1912), granting to munici-

palities having a public sewerage system the authority exercised in this instance.

The plaintiff, owning improved property within the distance of 300 feet from a public sewer line, but refusing to comply with the ordinance, brought this suit to have the ordinance and the statute decreed unconstitutional, null and void. He obtained a temporary writ of injunction, preventing the mayor and board of aldermen from entering into a contract with H. S. Sealy, contractor, for the connection of the plaintiff's premises with the sewerage system. He appeals from the judgment rendered, maintaining the ordinance and statute as constitutional and valid, dissolving the writ of injunction, and dismissing his suit.

The grounds on which the plaintiff attacks the constitutionality of the ordinance and the statute, as set forth in his brief, are as follows:

First. That an enforcement of the ordinance would amount to the taking and damaging of private property for public purposes without just or adequate compensation being first paid, and would therefore violate article 167 of the state Constitution.

Second. That the ordinance and the statute are so harsh, unreasonable, arbitrary, and unfair that their enforcement would abridge the privileges and immunities of the plaintiff and deprive him of his liberty and property without due process of law, in violation of article 2 of the state Constitution and the Fourteenth Amendment of the Constitution of the United States.

Third. That the state Constitution does not confer any authority upon the Legislature, nor upon any municipality, to tax private property for the cost of connecting it with a public sewerage system.

Fourth. That to compel the plaintiff to purchase and pay for materials furnished by a contractor under contract with the municipality would deprive the plaintiff of the liberty and freedom of action guaranteed to him by the Constitution of the state and of the United States.

Fifth. That the state Constitution does not authorize the Legislature or a municipality to impose a tax lien upon property for the purpose for which it is attempted in this instance, or to enforce such tax lien by summary process; but, on the contrary, by enumerating the purposes for which property may be assessed and sold summarily for taxes, the framers of the Constitution have impliedly forbidden the assessment and summary sale of property for taxes for any other purpose than those enumerated.

Sixth. That sections 7 and 8 of the statute, purporting to authorize a sale by summary proceedings for the collection of the cost of sewerage connections, are beyond the objects expressed in the title of the statute, contain provisions not mentioned in the title, and are therefore violative of article 31 of the state Constitution, that the Legislature has therefore failed to provide a method of proceeding for the enforcement of the statute, and that the entire act is therefore null and void and of no effect.

### Opinion.

It does not appear that an enforcement of the ordinance in contest would amount to a taking or damaging of the plaintiff's property in any sense. The constitutional guaranty, that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid, has no application to this case.

[1, 2] This ordinance, in our opinion, is not an arbitrary or unreasonable act on the part of the municipal government, but is a legitimate exercise of the police power. See Hutchinson v. City of Valdosta, 227 U. S. 303, 33 Sup. Ct. 290, 57 L. Ed. 520. It is argued by the learned counsel for the plaintiff that there is this difference between an ordinance requiring property owners to connect their premises with a public sewer and

an ordinance requiring them to pave the sidewalks adjoining their premises, viz.: that the one ordinance does, and the other does not, authorize an invasion of private property. But it might as well be contended that municipal ordinances, requiring property owners to keep their premises clean, sanitary, and safe, and providing for an inspection for that purpose, authorize an invasion of private property, and are therefore unconstitutional.

Our attention is called to the fact that the city of Crowley is governed, not by a special statute or charter, but by the general law of municipal corporations, Act No. 136 of 1898. It is contended that, as paragraph 31 of section 15 of that statute (re-enacted in the Act No. 114 of 1916) confers upon municipal corporations the power "to pass all ordinances and to enforce the same by fine not to exceed one hundred dollars or imprisonment not exceeding thirty days, or both," the ordinance in question could only be enforced by fine or imprisonment, or both fine and imprisonment. The contention of the learned counsel for the plaintiff is that, inasmuch as the municipal government has not provided for the enforcement of this ordinance by fine or imprisonment, it cannot be enforced at all. But it does not follow that, because municipal corporations are given the power to enforce their penal ordinances by a limited fine or term of imprisonment, therefore all municipal ordinances must be enacted in the form of penal laws or ordinances.

There is no force in the contention that it required express constitutional authority for the Legislature to enact a law empowering municipal corporations to require property owners to connect their premises with the public sewerage system at the expense of each property owner. It suffices that the Constitution does not prohibit such legislation.

The ordinance in question does not deprive the property owner of his liberty or freedom of action by requiring him to pay for material furnished by a contractor under contract with the municipality. On the contrary, the ordinance allows the property owners ample opportunity to select and purchase material and have the work done. In that respect, the ordinance differs from that which was declared invalid by the Supreme Court of North Carolina, in Slaughter v. O'Berry, 126 N. C. 181, 35 S. E. 241, 48 L. R. A. 442.

[3] There being no constitutional inhibition, the Legislature and the municipality had the right to impose upon the property owner the cost of connecting his premises with the public sewerage, and to impose a lien upon the property to secure the payment of the debt. The Legislature also had authority to provide a special remedy or summary process for the enforcement of the lien and the collection of the debt. Sections 7 and 8 of Act No. 249 of 1912 make provision for that special remedy or summary process. If those provisions of the statute are not constitutional, because their object is not expressed in the title of the act, the Legislature has inadvertently failed in its purpose to provide a special remedy for the enforcement of the lien and the collection of the debt. In that event the lien might be enforced and the debt collected by the ordinary process, by an action at law for the collection of the debt. If the Legislature has failed, either intentionally or by inadvertence, to provide a special remedy for the enforcement of a lien which it has created, it does not follow that the statute creating the lien is without effect. As was said in Pollard v. Bailey, 20 Wall. 520 (87 U. S.) 22 L. Ed. 378, a liability created by statute without a special remedy may be enforced by an appropriate common-law action, although, where the provision for the liability is coupled with a provision for a special remedy, that remedy—and that alone—must be employed. We see no reason for deciding

now whether the municipality must eventually resort to the ordinary process or may employ the special remedy which the Legislature has attempted to grant for the enforcement of the lien imposed upon the plaintiff's property. It is sufficient to say that the provisions of the statute that authorized the municipality to create the lien are valid, whether the remedy provided for enforcing the lien is or is not valid legislation. The only question with which the plaintiff is now concerned is whether the municipality had a right to impose the debt and lien upon his property. Our opinion is that the municipality had the right. Ubi jus ibi remedium. What the remedy is will be determined when the question arises.

We will amend the judgment appealed from in so far as it holds that sections 7 and 8 of Act No. 249 of 1912 are constitutional, by making it a judgment of nonsuit against the plaintiff on that issue. In other respects the judgment is correct.

The judgment appealed from is affirmed, except in so far as it holds that sections 7 and 8 of Act No. 249 of 1912 are constitutional, and on that issue the judgment is made one of nonsuit against the plaintiff. The plaintiff is to pay the costs of the district court and the defendants the costs of appeal.

PROVOSTY, J., dissents and hands down reasons. See 76 South. 814. LECHE, J., takes no part.