This was originally a very complicated and much-involved case, as is evidenced by the fact that, although there is not a single disputed fact in the case, nevertheless it required 83 typewritten pages of transcript and 184 printed pages of brief merely to state the issues and develop the propositions advanced on one side or the other.
But during the argument before this court it ultimately developed that the case involved only a few comparatively simple issues which this court would be called upon to decide.
 I.
Briefly stated, the question is whether the plaintiff, a state agency, established as part of the general levee system required by Const. 1879, arts. 213, 214 (Const. 1898, art. 238; Const. 1921, art. 16, § 1), may collect arrears of a certain produce tax
levied by said board for the years 1919 to 1924, both inclusive, which this defendant C. Lagarde Company failed to pay on certain sugars manufactured by them in said district during said years.
 II.
Said taxes were levied under the provisions of section 10 of Act 97 of 1890, creating said *Page 614 
levee district, and have been held to be constitutional in principle. George v. Young, 45 La. Ann. 1232, 14 So. 137; Excelsior Planting Mfg. Co. v. Green, 39 La. Ann. 454, 1 So. 873. And the taxes so levied constitute a lien on the produce on which they are levied, Act 65 of 1894, § 4, which (in that respect) has not been repealed by any subsequent legislation, which lien, however, is lost when the produce is removed from the parish in which it is raised.
 III.
The statute which controls the decision of this case is Act 140 of 1902 (amending section 10 of Act 97 of 1890, aforesaid), which provides that said tax shall be collected by the sheriff of the parish in which the produce is raised "in such manner and under such regulations as the board may direct," but in all cases before the produce is removed from the parish.
The trial judge held that, because the board failed to provide the manner in which said taxes should be collected and to prescribe regulations for their collection, therefore said taxes could not be collected at all.
We do not agree with this. It is true that, since the board failed in its duty, no one was at fault for not collecting the taxes. But that does not mean that the taxes themselves were not due by the produce on which they were levied; for in fact the taxes were levied, and thus became due.
The object of the Legislature in providing that the taxes should be collected "in such manner and under such regulations as the board may direct" was merely to allow the board to prescribe a direct and summary manner of collecting such taxes without recourse to the courts. But, where the board has failed to provide such direct and summary process, then the ordinary civil process might have been resorted to, in case the tax was not voluntarily paid, and a judgment "in rem" obtained against the property liable for *Page 615 
the tax. Barber Asphalt Co. v. Watt, 51 La. Ann. 1345, 26 So. 70; Fristoe v. Crowley, 142 La. 393, 76 So. 812, L.R.A. 1918C, 254.
 IV.
When the Lagarde Company removed the produce from the parish without paying the tax, thereby depriving plaintiff of its lien on said produce, it thereby made itself personally liable for the amount of the tax, although not personally liable therefor before that. For the owner who removes, or secretes or converts, property subject to a lien, and thereby deprives the lienholder of his lien, becomes personally liable to the lienholder for the amount of the lien. Marvin v. Weider, 31 Neb. 774, 48 N.W. 825; Michalson v. All, 43 S.C. 459, 21 S.E. 323, 49 Am. St. Rep. 857.
 V.
There are several reasons why Act 140 of 1902 is not unconstitutional because it levies a produce tax on sugar cane shipped out of this levee district and beyond the limits of any levee district, whilst it does not levy a like tax on sugar cane raised in this levee district and shipped into another levee district:
(1) First of all, because defendant as a manufacturer of sugar
(taxed as sugar) has no interest whatever in the question whether or not sugar cane be taxed or not taxed at all; no more than he, or a producer of sugar cane or cotton or potatoes (all taxed) has a right to complain that tobacco and corn and cabbage are not taxed.
(2) There is a good reason for taxing sugar cane shipped out of a levee district to a place where it will not be taxed as sugar, and not taxing sugar cane which is shipped into another district where it will be taxed as sugar. In the one case it eventually contributes its full share towards maintaining the levee system, and therefore should not be taxed where produced; in the other case, it would contribute nothing to the building of the levees unless taxed where it is raised. *Page 616 
(3) Any producer of sugar cane may ship his cane whithersoever he pleases, and thus pay or avoid the tax thereon at his pleasure. All have the same privilege; that is to say, all producers of sugar cane may, at their option, pay the tax thereon in the parish where produced, or in the parish where it is converted into sugar. All are treated alike.
 VI.
The Lagarde Company went into the hands of a receiver in 1922, and therefore plaintiff must look to the receiver and the receivership proceedings for its taxes for 1922, 1923, and 1924: and the receiver is no party to this suit.
But it operated its factory during the years 1919, 1920, and 1921; and for those years it owes taxes on sugar and molasses amounting to $2,682.87 (i.e., $549.82, plus $902.80, plus $1,230.25; see calculations in plaintiff's brief, pp. 38 and 39).
 Decree.
The judgment appealed from is therefore reversed, and it is now ordered that plaintiff have judgment against the C. Lagarde Company for the full sum of $2,682.87, with legal interest from judicial demand until paid and costs of both courts. It is further ordered that in all other respects plaintiff's demand be rejected.
 On Rehearing.