(126 So. 919)

**PETTIGREW et al. v. CITY OF HOUMA.**

No. 30108.

Feb. 3, 1930.

Rehearing Denied March 5, 1930.

Harris Gagne, of Houma, for appellants.
Calvin Wurzlow, City Atty., of Houma, for appellee.

ST. PAUL, J.

This is an action to annul an ordinance of the city of Houma, passed July 11, 1928, enlarging the city limits in accordance with the provisions of Act No. 35 of 1924.

The ordinance is attacked on several grounds, none of which, however, need be considered, since in this court our attention is called to the provision of Act No. 35 of 1924, whereby said ordinance did not become operative until thirty days after passage, to wit, until August 10, 1928; whereas Act No. 149 of 1928 went into effect on August 1, 1928, that is to say, twenty days after the adjournment of the regular legislative session of 1928, which adjourned July 12, 1928.

Now that act provides that "no ordinance enlarging the boundaries of a city, town, or village shall be valid unless there shall have been continuously on file in the office of the Clerk of the municipality for at least ten days prior to the adoption of said ordinance the written assent of the owners of at least twenty-five per cent. (25%) in value of the property assessed for taxes for the preceding calendar year within the area pro-

posed to be included in the corporate limits, as well as of at least twenty-five per cent. (25%) in number of the property taxpayers within said area, having attached thereto a certificate from the Assessor of the parish showing the total assessments and the total number of property taxpayers within such area, as well as the assessment of each of the taxpayers so assenting." Which said act repeals all acts or parts of acts in conflict therewith.

So that, before said ordinance of July 11, 1928, became operative, there had intervened a statute of the state declaring that no such ordinance should be valid unless preceded by the written assent of 25 per cent. in value and number of all the property taxpayers within the area to be annexed to the municipality. And it seems to us quite clear that the purpose of Act No. 149 of 1928 was to declare that, from and after the going into effect of that act, no ordinance enlarging the limits of a municipality should become operative unless previously assented to by one-fourth in number and amount of the property taxpayers within the area to be annexed. As the ordinance of July 11, 1928, had not become operative when said Act No. 149 of 1928 went into effect, it could not thereafter become operative because of the lack of property taxpayers' assent as aforesaid.

This is not giving Act No. 149 of 1928 any retrospective effect. The ordinance was not operative at the time the statute took effect. The statute did not annul any ordinance then in force, but it did arrest the going into effect of an ordinance not yet in force and inconsistent with the provisions of the act. See Board of Com'rs v. C. Lagarde Co., 167 La. 612, 120 So. 25.

### Decree.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the ordinance complained of be annulled and set aside, at the cost of defendant in both courts.