On Rehearing.
 

 O’NIELL, Chief Justice.
 

 The rehearing in this case was restricted to the question whether Act No. 182 of 1938, by which certain sections of Act No. 26 of the Second Extraordinary Session of 1935 were amended, took away the right of the State to collect the tax claimed in this suit. The decision in the case of Board of Commissioners v. C. Lagarde Co., 167 La. 612, 120 So. 25, seemed to support the argument that the right of the State to collect the tax claimed in this suit was taken away by the act of 1938. But that is not so. In Lagarde’s case the board of commissioners of the levee district was claiming a produce tax which Lagarde had failed to pay, for several years past. The tax levy was authorized by the provisions of Section 10 of Act No. 97 of 1890, which was amended by Act No. 140 of 1902; but, while the suit was pending in this court, in 1928, the Legislature met in regular session and repealed that section of the statute, by Act No. 117 of that session. The act of 1928 had no other object or effect than to repeal the tenth section of the former statute; and, to make the repeal doubly sure, a general repealing clause was added, declaring that all laws or parts of laws wherein authority was granted to the levee district to levy or collect a produce tax, or special assessment, or forced contribution, were thereby repealed. The court construed the repealing act of 1928 to mean, not only that the board of commissioners of the levee district should not levy a produce tax thereafter, but also that the board should not collect thereafter any produce tax that had been levied and was delinquent.
 

 Act No. 182 of 1938 did not repeal any provision of Act No. 26 of the Second Extraordinary Session of 1935, except, of course, that those sections of the act of 1935 that were amended and re-enacted were superseded, respectively, by the newly enacted or re-enacted sections. The general repealing clause in the act of 1938 merely repealed all laws or parts of laws in conflict with the provisions of the new
 
 *665
 
 act. The provisions of the sections of the act of 1935 that were not amended by the act of 1938 were not in conflict with that act, and hence were not repealed. The amendment that thereafter exempted the defendant in this case from the license tax which was levied by the act of 1935 consisted of the inserting of the following clause in Section 3 of the statute, — viz:-
 

 “The provisions of this Act and the taxes collectible hereunder do not and shall not apply to or be levied against gross receipts derived from any business or operations conducted on navigable waters of the United States or within the admiralty jurisdiction of the United States.” Here follows a reproduction of the section as it was enacted originally, viz: “but should Congress ever extend the power of the State,” et cetera.
 

 There is no indication in the act of 1938 that it was intended to have a retroactive effect, or to remit any license tax that might have been due when the statute was enacted. The doctrine that when a statute has been amended it must be read as if it had been enacted originally as it reads after being amended means merely that, from and after the time when the amending statute goes into effect, the new matter, or new sections, must be substituted for the old, in reading the act. But that does not give to the amending statute a retroactive effect.
 

 The judgment heretofore rendered by this court is reinstated and made the final judgment, of the court.