634 So.2d 947 (1994)
Sandra Rhoda AUFRICHTIG, Plaintiff-Appellant,
v.
PROGRESSIVE MEN'S CLUB OF LOUISIANA, INC., et al., Defendants-Appellees.
No. 25581-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
*948 T. Taylor Townsend, Kelly, Townsend & Thomas, Natchitoches, for plaintiff-appellant.
Jack E. Carlisle, Jr., Lunn, Irion, Johnson, Salley & Carlisle, Shreveport, for defendant-appellee Donnie Beauvais.
Leslie J. Schiff, Sandoz, Sandoz & Schiff, Opelousas, for defendant-appellee Progressive Men's Club of LA, Inc.
Before BROWN, STEWART and WILLIAMS, JJ.
WILLIAMS, Judge.
The plaintiff, Sandra Aufrichtig, instituted this suit to recover damages for personal injuries she sustained when she slipped and fell on the dance floor at the Shreveport Progressive Men's Club. The trial court granted summary judgment in favor of the defendant, Donnie Beauvais, and plaintiff appealed. We affirm.

FACTS
On Friday, December 9, 1988, at approximately 9:00 p.m., Sandra Aufrichtig attended a Christmas party at the Shreveport Progressive Men's Club. The party was hosted by several people, including Donnie Beauvais. Plaintiff registered at the door for the door prize, and began to walk across the dance floor with a friend. Plaintiff alleges that after she had taken only a few steps onto the dance floor, she slipped on the slippery surface and fell. As a result of the accident, plaintiff was hospitalized for eight days. During this time, she underwent surgery for a complete hip replacement.
On October 27, 1989, plaintiff filed this lawsuit naming the Shreveport Progressive Men's Club, Inc., the Progressive Men's Club of Louisiana, Inc. and its insurer, Louisiana Underwriters Insurance Company, as defendants. On December 8, 1989, plaintiff filed a supplemental and amending petition naming Donnie Beauvais as a defendant.
On September 17, 1992, Beauvais filed a motion for summary judgment. The trial court granted the motion without written reasons. Plaintiff instituted this appeal.

DISCUSSION
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Mosley v. Dairyland Ins. Co., 614 So.2d 792 (La.App.2d Cir.1993); Leonard v. Stephens, 588 So.2d 1300 (La.App.2d Cir. 1991); Vassallo, Inc. v. Southwestern Packing & Seals, 476 So.2d 925 (La.App.2d Cir. 1985).
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967.
The party who moves for summary judgment has the burden of clearly showing that there is no genuine issue of material fact in dispute. In determining if the mover has satisfied his burden, the court will closely scrutinize the pleadings, affidavits and documents of the mover and will resolve any reasonable doubt as to the existence of a genuine issue of material fact against the mover and in favor of trial on the merits. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991); Mosley, supra; Leonard, supra.
*949 If the supporting documents presented by the moving party are insufficient to resolve all material facts at issue, summary judgment must be denied. If sufficient, the burden shifts to the opposing party to present supporting evidence showing that material facts are still at issue. LSA-C.C.P. Art. 967. A summary judgment is not a substitute for a trial on the merits. Mosley, supra; Sanders v. City of Blanchard, 438 So.2d 714 (La.App.2d Cir.1983).
Appellate courts review summary judgment de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder, supra.
In the instant case, plaintiff's contention that the dance floor was unreasonably slippery, causing her to fall, is corroborated by the deposition testimony of John Giglio, Richard Marlowe, Jr., and Denise Marlowe. Further, Giglio testified that he recalls the off-duty police officer warning the guests as they entered the club to be careful because the floor was slippery. He further testified that a member of the band broadcast the warning over the loudspeaker.[1]
In light of the deposition testimony of these witnesses, we find that a genuine issue of material fact exists as to whether the dance floor of the Shreveport Progressive Men's Club was unreasonably dangerous to the invitees of the club on December 9, 1988, and more particularly, to the plaintiff.
However, we conclude that the case against this defendant was appropriate for summary judgment since there was no evidence presented in opposition to the motion for summary judgment to prove that a genuine issue of material fact existed as to whether the club was in Beauvais' custody or control as contemplated by LSA-C.C. Art. 2317. Thus, Beauvais is entitled to judgment on this issue as a matter of law.
LSA-C.C. Art. 2317 provides for liability for damages caused by a person for whom we are responsible or by a thing in our custody.
The Supreme Court in Loescher v. Parr, 324 So.2d 441 (La.1975) interpreted things in one's custody as follows:
[T]he things in one's care are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them. This relationship will ordinarily be associated with ownership, but the guardianship will also belong to the bailee, the lessee, the usufructuary, the borrower for use and the repairmen, among others....
324 So.2d at 449 n. 7 (citation omitted).
In the present case, Beauvais testified during his deposition that he and Mack McElwee were responsible for organizing the party (i.e., contacting invited persons, collecting the $100.00 fee, contacting the band, hiring the caterer, hiring the off-duty policemen, setting up the tables and decorating). He also stated that the Progressive Men's Club had the responsibility of cleaning the premises and setting up the tables prior to the party. Beauvais further testified that McElwee contacted the club members regarding leasing the club for the party. Beauvais stated he never saw a written lease because McElwee handled that portion of the arrangements.
John Henry Norton was employed by the Shreveport Progressive Men's Club as a janitor/maintenance man during the time of the Christmas party in question. During his deposition, Norton testified that he was responsible for cleaning the floors, kitchen, grounds and for stacking the tables and chairs. According to Norton, on the night of the party, he swept the floors, arranged the tables and chairs, but he did not wax the floor. Norton further testified that he probably buffed the floor, because he always buffed the floor before a dance. He testified he was working *950 on the night of the party and he would have immediately cleaned any spills on the floor.
From a review of the record, it is obvious that the Shreveport Progressive Men's Club was not in the custody or control of the defendant Beauvais at the time of plaintiff's injury. Another organizer of the party, McElwee, was responsible for obtaining the lease of the premises. Further, the club's janitor/maintenance man cleaned the floor prior to the party and was on duty and responsible for cleaning the floor during the party. Although Beauvais and the other party hosts had the option of rearranging the tables and chairs to fit their needs, this fact alone does not establish that Beauvais had custody or control of the club so as to be held liable for any defect on the premises which caused harm to the plaintiff.
Accordingly, the trial court's grant of summary judgment is affirmed.
AFFIRMED.
NOTES
[1] When questioned as to whether he recalled anyone warning of the slippery condition of the floor, Giglio testified as follows:

It was obvious, you know, it was obvious the floor was slippery. It was just waxed or something, I don't know. I mean, it wasn't dirty, it was clean, probably too clean.
(R. Aufrichtig Exhibit No. 3, Deposition of John Giglio, at p. 10).