| iBROWN, Judge.
Defendant, Dot Reeves, appeals the trial court’s judgment granting plaintiffs, Caddo Parish Sewerage District #7’s, motion for summary judgment. For reasons set forth below, we affirm.

FACTS

Compulsory tie-in with public sewerage systems is set forth in LSA-R.S. 33:4041, which provides that municipalities and sewerage districts having a public sewerage system can compel the connection therewith by owners of premises within 300 feet of the public sewer. (Emphasis added).
Pursuant to LSA-R.S. 33:4041, Caddo Parish Sewerage District # 7 (“District # 7”) passed a resolution requiring all owners of improved property located within 300 feet of *1238 a sewer line to tie in to the sewerage system and established rates for the sewerage service.[1] The resolution provides for a monthly residential rate of $13.75 plus $1.00 per 1000 gallons of water used, late charges of 10% of all tardy payments on current billings and 1.5% monthly interest on the outstanding balance.
Defendant, Dot Reeves, owns 3½ acres of improved property within District # 7. The parties stipulated that Ms. Reeves’ property line is within 10 feet of District # 7 sewerage lines, but that the home located on this property is more [ zthan 300 feet from the sewerage lines. Exactly where the improvements are located on the 3½ acre tract, however, is not discernible from the record.
In March 1985, District # 7 decided to bill residents who had not timely connected to the system a monthly charge of $13.75 to cover their share of the bond issue. Letters were sent to non-complying residents explaining the monthly charge. Several months later, District # 7 sent further correspondence informing residents that the land boundary, not the boundary of the residential structure, determined whether connection with the sewerage system was mandated.
By letter dated January 27, 1987, District # 7 informed Ms. Reeves that she had 60 days to connect to the system or begin paying a monthly charge of $13.75. District # 7 sent another letter to Ms. Reeves in June 1989 in which she was reminded of her obligation to voluntarily connect or be subject to the district’s compulsory tie-in powers.
District # 7 filed suit to compel Ms. Reeves to connect to the sewerage system and to recover all pash-due payments of $13.75. The trial court, finding that “premises” referred to the property rather than the structure boundary, granted summary judgment in District # 7’s favor. Ms. Reeves has perfected this appeal.

DISCUSSION

A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Potter v. First Federal Savings & Loan Ass’n of Scotlandville, 615 So.2d 318 (La.1993); Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992); Aufrichtig v. Progressive Men’s Club of Louisiana, Inc., 25,581 (La.App.2d Cir. 03/30/94), 634 So.2d 947.
j3The party who moves for summary judgment has the burden of clearly showing that there is no genuine issue of material fact in dispute. In determining if the mover has satisfied his burden, the court will closely scrutinize the pleadings, affidavits and documents of the mover and will resolve any reasonable doubt as to the existence of a genuine issue of material fact against the mover and in favor of trial on the merits. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Aufrichtig, supra.
If the supporting documents presented by the moving party are insufficient to resolve all material facts at issue, summary judgment must be denied. A summary judgment is not a substitute for a trial on the merits. Aufrichtig, supra.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. Art. 9. The words of a law must be given their generally prevailing meaning. LSA-C.C. Art. 11.
*1239 “Premises” is defined by Black’s Law Dictionary 1062 (5th Ed.1979) as:
land and tenements; an estate, including land and buildings thereon; the subject matter of a conveyance. The area of land surrounding a house, and actually or by legal construction, forming one inclosure with it. A distinct and definite locality, and may mean a room, shop, building or other definite area, or a distinct portion of real estate. Land and its appurtenances.
The most common use of the word “premises” includes both improvements and the surrounding land. LSA-R.S. 33:4041, which provides for compulsory tie in to public sewerage systems, has existed in substantially the same form since 1912. The legislature was aware of the prevalent meaning of |/premises” and has had ample opportunity to rewrite the statute to refer to structures or buildings to be serviced by the sewerage system had that been its intent.
The 1912 statute compelled the connection by owners “of premises within 300 feet of the public sewer.” The Louisiana Supreme Court, in 1917, validated a municipal ordinance that substituted the words “improved property” as a synonym for premises. The following is excerpted from Fristoe v. City of Crowley, 142 La.393, 76 So. 812 (1917):
The mayor and board of aldermen of the city of Crowley adopted an ordinance requiring the owners of all improved property situated within 300 feet from the public sewer to connect their premises with the sewerage system. The ordinance ... conforms precisely with the statute on the subject granting to municipalities having a public sewerage system the authority exercised in this instance.
Fristoe, 76 So. at 812.
In a similar ease, this court was asked to determine the distance between the premises of an establishment that applied for a liquor license and a church. In determining the distance between the two premises, the court began its measurement from the property fines, not from the edge of the structures involved. See Buy-U-Sak, Inc. v. City of Ruston, 602 So.2d 1057 (La.App.2d Cir.1992).
If we were to give “premises” the meaning propounded by defendant, i.e. the actual structure which will be serviced by the sewerage system, we would create a heavy burden for the sewerage district, who would be forced to measure the distance from each facility to the sewer line. By interpreting “premises” to mean land and appurtenances, the district can determine who is compelled to tie in to the system by reviewing property descriptions and plats on file at the court house.
IsThe property involved herein consists of rural acreage. As it relates to larger tracts of rural property, we must apply a reasonable definition of “premises.” Certainly, a large tract of land, such as 100 acres, might not be subject to measurement for mandatory tie-in purposes from the sewer line to any capriciously selected part of its boundary. Rather, “premises” should be interpreted to include only the surrounding property constituting the residence or facility subject to sewage disposal. In this case, however, defendant has not argued that the entire 3⅜ acre lot was not used as the residence.
Ms. Reeves also complains of District #7’s reference to the $13.75 monthly payment as a tax and alternatively as a penalty for failure to tie in to the system. Regardless of semantics, District # 7 is clearly entitled to collect charges from each user of the - sewerage service. LSA-R.S. 33:4043, 4044. District # 7 is also authorized, and has apparently chosen in this case, to penalize individuals who refuse to tie in to the system by charging them the set rate even though they are not receiving the service. LSA-R.S. 33:4004. District # 7 is entitled to collect from Ms. Reeves, whether the charges are viewed as a tax or as a penalty.

CONCLUSION

We AFFIRM the judgment of the trial court. Costs are assessed against appellant, Dot Reeves.

. Section 1 of the ordinance provides:
That, acting in the exercise of the District police powers, every owner, tenant or occupant of each lot or parcel of land in the District which abuts upon a street or other public way containing a sewer line within three hundred (300) feet of such lot or parcel of land and upon which lot or parcel a building shall have been constructed for residential, commercial or industrial uses is hereby required by the District to connect said building with the Sewer System and to cease to use any other method for the disposal of sewerage, sewerage waste or other polluting matter. (Emphasis added).