hWILLIAMS, Judge.
In this action for personal injury damages, a defendant, Louisiana Power & Light Company (“LP & L”), appeals a district court judgment granting the motion for summary judgment filed by the third-party defendant, Tharpe and Warren Contractors, Inc. For the following reasons, we reverse the summary judgment and remand for a trial on the merits.
FACTS
On November 6, 1992, the plaintiff, Stella Barnhill, went to pay her electric bill at the Louisiana Power & Light Company (“LP & L”) office in Sibley, Louisiana. Barnhill parked her car in the LP & L parking lot and walked around the front of her vehicle toward the building entrance. She caught her foot on a concrete parking block, or tire stop, fell to the ground and was injured. The concrete block, one of several in a row, was approximately four inches high, five inches wide and five feet in length. It was two to three feet beyond the right front side of plaintiffs vehicle, and about one foot closer to the edge of the parking lot. The parking blocks were not fastened to the pavement. LP & L leased the building and land from the owners of the property, Jack and Barbara Tharpe and their son, Jack Tharpe, Jr. LP & L hired Tharpe and Warren Contractors, Inc. (“Tharpe & Warren”) to resurface the parking lot. Construction was completed less than two months prior to plaintiffs accident.
In June 1993, the plaintiff initially sued LP & L, alleging that it was negligent in failing to properly secure the concrete parking blocks, and also that LP & L was strictly liable as the custodian of the building and parking lot where plaintiff fell. LP & L then filed a third-party demand against Tharpe & Warren seeking indemnity or contribution. Plaintiff later added Tharpe & Warren and the Tharpes as defendants, alleging that each defendant negligently breached a duty to safely fasten the parking blocks to the pavement and that each was strictly liable Ufor plaintiffs injuries. After taking the plaintiffs deposition, Tharpe & Warren filed a motion for summary judgment seeking dismissal on the ground that there was no genuine issue of material fact. Tharpe & Warren argued that it was entitled to judgment because the facts established that the failure to fasten the parking blocks to the pavement did not cause the plaintiff to fall. LP & L’s counsel did not file an opposition to the motion for summary judgment and did not appear at the hearing on the motion. Plaintiff opposed the motion and appeared at the hearing.
After hearing argument by counsel for Tharpe & Warren and plaintiff, the district judge found that the accident occurred because plaintiff failed to see what she should have seen had she been paying attention, and the fact that the blocks were not fastened to the ground did not cause the accident. The district court granted the motion for summary judgment, dismissing the claims of plaintiff and LP & L against Tharpe & Warren. The plaintiff has not appealed this judgment. LP & L’s motion for summary *892 judgment was denied. LP & L appeals the district court’s summary judgment in favor of Tharpe & Warren.
DISCUSSION
LP & L argues the district court erred in granting the motion for summary judgment. It contends the record does not support the district judge’s finding that the plaintiff was 100% at fault in this case.
Under LSA-C.C.P. Art. 966, a motion for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992). The party who moves for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. LSA-C.C.P. Art. 966. In determining whether the mover has |3satisfied his burden of proof, the court shall closely scrutinize the pleadings and other evidence and will resolve any reasonable doubt as to the existence of a genuine issue of material fact in favor of trial on the merits. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Whatley v. Caddo Parish Sheriffs Dept., 27,321 (La.App. 2d Cir. 9/27/95), 661 So.2d 557, writ denied, 95-2842 (La. 2/2/96), 666 So.2d 1097.
When reviewing the granting of a motion for summary judgment, the appellate court reviews the record de novo under the same criteria that govern the district court’s consideration of whether a summary judgment is appropriate. Tugwell v. State Farm Insurance Co., supra; Whatley v. Caddo Parish Sheriff's Dept., supra. A summary judgment is not a substitute for a trial on the merits. Aufrichtig v. Progressive Men’s Club of La., Inc., 25,581 (La.App. 2d Cir. 3/30/94), 634 So.2d 947.
In the present case, the record includes the pleadings, plaintiffs answers to interrogatories, her deposition and Tharpe & Warren’s motion for summary judgment.[1] The plaintiff alleged that her fall and injuries were caused by tripping over a crooked concrete parking block which had shifted out of position because Tharpe & Warren negligently failed to securely fasten the blocks to the pavement. The facts show that Tharpe & Warren resurfaced the LP & L parking lot and put the parking blocks in position, but did not fasten them to the ground. In its motion for summary judgment, Tharpe & Warren argued that its failure to fasten the parking block did not cause the plaintiffs fall because the parking block was an obvious hazard which plaintiff should have seen and avoided.
To determine whether a defendant is liable for negligent conduct, the | ¿duty/risk analysis of LSA-C.C. Art. 2315 must be applied. This analysis involves the question of whether the defendant’s conduct was a substantial factor in bringing about the plaintiffs harm. Whatley v. Caddo Parish Sheriffs Dept., supra.
A pedestrian has a duty to see that which should have been seen. He is not required to look for hidden dangers, but is bound to observe his course in order to see if the pathway is clear. However, a pedestrian is not required to constantly observe the surface of the walkway. Boddie v. State, 27,313 (La.App. 2d Cir. 9/27/95), 661 So.2d 617.
In deposition, plaintiff testified that one end of the concrete parking block was turned five to six inches closer to the building and that she was walking toward the office entrance in the daylight. The plaintiff also stated that she was aware of the presence of other parking blocks in the vicinity and that the purse hanging from her shoulder could possibly have obstructed her field of vision. At the motion hearing, Tharp & Warren’s counsel argued that the parking block was obvious, yet he also pointed out that the block was not “right in the middle” of plaintiffs path and was not totally out of position. *893 The fact that the parking block was not directly across the plaintiffs path, but several inches out of place, would indicate that the hazard was less obvious.
A person walking in a parking lot may reasonably expect that the parking blocks are arranged uniformly and is not required to constantly observe the surface of the walkway. Here, the plaintiff passed the block in front of her car without incident and may have believed she was clear of the next block when it was actually underfoot because of its crooked position. The fact that the parking block itself was visible does not necessarily mean that the risk of hazard was so apparent as to be easily observed.
In a negligence ease, a defendant is entitled to dismissal by means of summary judgment only when the record is completely devoid of any suggested Rbasis for the defendant’s liability. Rhodes v. Executive Risk Consultants, Inc., 26,021 (La.App. 2d Cir. 8/17/94), 642 So.2d 269. Here, Tharpe & Warren admittedly failed to fasten the parking blocks into the ground. There is evidence that the unfastened blocks had shifted out of place and were not aligned. Tharpe & Warren did not produce evidence to support the district judge’s finding that the plaintiff was not paying attention while she was walking toward the building entrance. The evidence adduced in support of summary judgment does not establish beyond genuine dispute that plaintiffs inattention was the sole cause of her accident.
After reviewing the record, we conclude that there are unresolved factual issues in dispute, including the question of whether the irregular positioning of the parking blocks caused or contributed to the plaintiffs injuries, and whether the hazard created by the unfastened blocks was so apparent that the plaintiff should have observed and avoided the risk in the exercise of ordinary care. Therefore, the trial court erred in granting the defendant’s motion for summary judgment.
CONCLUSION
For the foregoing reasons, the district court’s judgment is reversed and the case is remanded for trial. Costs of this appeal are assessed to the appellee, Tharpe & Warren Contractors, Inc.
REVERSED AND REMANDED.
HIGHTOWER, J., concurs in the result.
PEATROSS, J., dissents with written reasons.

. The plaintiffs deposition was not offered into evidence at the hearing on the motion for summary judgment, but the district judge stated that he had read the document. The deposition was submitted with the record as an exhibit. We have considered the deposition in our review of the summary judgment.