**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James John Todd Kincannon, Appellant,

v.

Ashely Suzanne Griffith, Moore Taylor Law Firm, P.A., Vance Stricklin, and Amber Fulmer, Respondents.

Appellate Case No. 2019-001501

_____

Appeal From Lexington County
Robin B. Stilwell, Circuit Court Judge

_____

Unpublished Opinion No. 2023-UP-070
Submitted May 6, 2022 – Filed February 22, 2023

_____

**AFFIRMED**

_____

James John Todd Kincannon, of Simpsonville, pro se.

James Edward Bradley, of Moore Bradley Myers, PA of West Columbia for Respondents.

_____

**PER CURIAM:** James John Todd Kincannon appeals the circuit court's dismissal of his complaint against Ashley Griffith, Moore Taylor Law Firm, P.A. (Moore Taylor), Vance Stricklin, and Amber Fulmer (collectively, Respondents) for failure to state a claim. On appeal, Kincannon argues the circuit court erred by (1) considering Respondents' untimely and improper memorandum and affidavit in

support of the motion to dismiss; (2) relying on materials outside the record and denying Kincannon the opportunity to respond to judicially noticed materials; (3) dismissing the complaint with prejudice and denying Kincannon the opportunity to amend his complaint; (4) failing to rule on his motion for recusal; and (5) committing additional errors of varying severity. We affirm pursuant to Rule 220(b), SCACR.

1. We hold Kincannon's argument regarding Respondents' untimeliness in filing their memorandum of law is abandoned. *See Bennett v. Investors Title Ins. Co.*, 370 S.C. 578, 599, 635 S.E.2d 649, 660 (Ct. App. 2006) (finding appellant abandoned an issue on appeal when he made only a conclusory argument and cited no legal authority to support the issue). We further hold Respondents' motion to dismiss sufficiently alleged that Kincannon failed to state a claim regarding the causes of action in his complaint, and the circuit court was able to comprehend the motion and deal with it appropriately. *See* Rule 7(b)(1), SCRCP ("An application to the court for an order shall be by motion which, unless made during a hearing or trial in open court with a court reporter present, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."); *Camp v. Camp*, 386 S.C. 571, 575, 689 S.E.2d 634, 636 (2010) (explaining the particularity requirement "is to be read flexibly in recognition of the peculiar circumstances of the case" (quoting *Cambridge Plating Co., Inc. v. Napco, Inc.*, 85 F.3d 752, 760 (1st Cir. 1996))); *id.* ("By requiring notice to the court and the opposing party of the basis for the motion, [R]ule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court can comprehend the basis of the motion and deal with it fairly.'" (quoting *Calderon v. Kansas Dept. of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999))); *id.* ("The particularity requirement should not be applied in an overly technical fashion when the purpose behind the rule is not jeopardized." (quoting *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 793 (8th Cir. 2003))).

Additionally, although we agree with Kincannon that it would be improper for the circuit court to consider an affidavit at the Rule 12(b)(6), SCRCP, stage of litigation, we find the circuit court did not rely on the affidavit when ruling. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."). Thus, we find no error.

2. We hold the circuit court did not err by taking judicial notice of family court orders from Kincannon and Griffith's divorce action. *See Flateau v. Harrelson*,

355 S.C. 197, 201-02, 584 S.E.2d 413, 415 ("Generally, in considering a 12(b)(6) motion, the trial court must base its ruling solely upon allegations set forth on the face of the complaint."); Rule 201(f), SCRE ("Judicial notice may be taken at any stage of the proceeding."); Rule 201(b), SCRE ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); Rule 201(c), SCRE ("A court may take judicial notice, whether requested or not."). Additionally, Kincannon was given the opportunity to be heard on this issue when he addressed the family court orders in his motion for reconsideration, which the circuit court subsequently denied. *See* Rule 201(e), SCRE ("A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.").

3. We hold the circuit court properly dismissed all of Kincannon's claims with prejudice because any amendment would be futile. *See Spence v. Spence*, 368 S.C. 106, 129, 628 S.E.2d 869, 881 (2006) ("The plaintiff in most cases should be given an opportunity to file and serve an amended complaint."); *id.* at 130-31, 628 S.E.2d at 882 (explaining if the plaintiff fails to supply additional facts "[that] may give rise to a claim upon which relief may be granted," the appellate court may "affirm the dismissal of the complaint with prejudice"); *Alterna Tax Asset Grp., LLC v. York Cnty.*, 434 S.C. 328, 334, 863 S.E.2d 465, 468 (Ct. App. 2021) ("[W]e are mindful that trial courts should not dismiss pleadings with prejudice at the 12(b) stage without allowing the pleader to amend its complaint (*unless amendment would be futile*)." (emphasis added)). Kincannon's final brief contained eleven proposals to amend his complaint to survive a motion to dismiss. Although we are cognizant of the gravity of dismissing a case with prejudice as discussed in *Skydive Myrtle Beach, Incorporated v. Horry County*, 426 S.C. 175, 826 S.E.2d 585 (2019), we have reviewed Kincannon's allegations and find he failed to supply necessary facts to plead a survivable cause of action. *See Pallares v. Seinar*, 407 S.C. 359, 370, 756 S.E.2d 128, 133 (2014) ("The essential elements of abuse of process are (1) an ulterior purpose, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding."); *Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021) ("[A] plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff."); *Michalson v.*

*All*, 43 S.C. 459, 21 S.E. 323, 323 (1895) (explaining that the specific action of trespass on the case was abolished); *deBondt v. Carlton Motorcars, Inc.*, 342 S.C. 254, 270, 536 S.E.2d 399, 407 (Ct. App. 2000) ("To be actionable under the [South Carolina Unfair Trade Practices Act], the unfair or deceptive act or practice must have an impact upon the public interest."); *Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP*, 359 S.C. 635, 644, 598 S.E.2d 717, 722 (Ct. App. 2004) (explaining that if there is no duty owed to the plaintiff, any harm suffered is irrelevant); S.C. Code Ann. § 43-35-10(11) (2015) (defining "vulnerable adult" as "a person eighteen years of age or older who has a physical or mental condition which substantially impairs the person from adequately providing for his or her own care or protection"); S.C. Code Ann. § 43-35-10(10) (2015)  (defining "psychological abuse" as "deliberately subjecting a vulnerable adult to threats or harassment or other forms of intimidating behavior causing fear, humiliation, degradation, agitation, confusion, or other forms of serious emotional distress").

4.  We hold the circuit court properly denied Kincannon's motion for recusal when it denied his motion for reconsideration.  *See Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) ("Under South Carolina law, if there is no evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal."); *id.* ("It is not sufficient for a party seeking disqualification to simply allege bias; the party must show some evidence of bias or prejudice."); *Reading v. Ball*, 291 S.C. 492, 494, 354 S.E.2d 397, 398 (Ct. App. 1987) ("When no evidence is presented other than claimed 'adverse' rulings by the judge, the judge is not required to recuse himself.").

5.  Kincannon argues the circuit court erred in nine additional ways.  As to his argument (a), that the circuit court misapprehended the "process" he alleged in his complaint, we find the circuit court properly contemplated the "process" as used in the complaint.  Regarding argument (b), that the circuit court misapplied *Broadmoor Apartments of Charleston v. Horwitz*, 306 S.C. 482, 413 S.E.2d 9 (1991), and related cases as a result of the aforementioned misapprehension of "process," we hold the "hand of one, hand of all" dictated by *Broadmoor* is inapplicable because we find Kincannon failed to allege unlawful conduct.  Because we find the circuit court did not misapprehend the "process" alleged, we do not believe it misapplied *Johnson v. Painter*, 279 S.C. 390, 307 S.E.2d 860 (1983) as Kincannon argues in (c).  As to argument (d), we find the circuit court properly identified the Eleventh Circuit Solicitor's Office as the prosecuting agency.  Regarding argument (e), we disagree with Kincannon's assertion that the circuit court treated probable cause as an element of the abuse of process claim

because the circuit court's statement regarding probable cause was made after it concluded Kincannon failed to state facts sufficient to support an abuse of process claim; thus, we find no error.

As to Kincannon's arguments (f), (g), and (h), we hold he abandoned these arguments on appeal because he cited no authority to support his propositions. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."). Finally, as to argument (i), we find the dismissal of the civil conspiracy claim was proper because Kincannon failed to supply additional facts that may give rise to a claim upon which relief may be granted. *See Spence*, 368 S.C. at 130-31, 628 S.E.2d at 882 (explaining if the plaintiff fails to supply additional facts "[that] may give rise to a claim upon which relief may be granted," the appellate court may "affirm the dismissal of the complaint with prejudice").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.